## THE HOWE MACHINE CO. v. E. LINCOLN.

1. ORDER OF ARREST, *No Ground for Vacating.* An order of arrest was issued by a justice of the peace, duly signed. A copy was made complete, except that the signature of the justice was not copied. The constable, in serving the order, gave the original to the defendant, and made his return on the unsigned copy. Nevertheless, the defendant appeared, admitted himself under arrest, and subject to the jurisdiction of the court in that regard. *Held,* No ground for vacating and discharging the order of arrest.

2. ORDER OF ARREST, *Power of Justice to Vacate.* Though the justice acts judicially in deciding to issue an order of arrest upon the affidavits filed, he is not precluded thereby from reinvestigating the matter upon a motion by defendant to vacate the order of arrest, and may, if then satisfied of the insufficiency of the plaintiff's showing, vacate the order of arrest without putting the defendant upon trial of the truth of the charges.

3. FRAUD, *Sufficiently Shown to Sustain Order.* Defendant was agent of plaintiff, and as such sold some of its machines. He failed to remit the proceeds of such sales, and when the same were demanded, gave his note for the amount, and promised to secure the same by mortgage on certain real estate owned by him. He executed and delivered the mortgage, and then for the sake and under promise of obtaining his wife's signature thereto — she being some twelve miles away from the place of settlement — received back the mortgage. He failed to return the mortgage, either with or without her signature, falsely alleged that she refused to execute it, and sold and conveyed the land, she joining in the conveyance to a third party. *Held,* Sufficient *prima facie* showing of fraud to sustain an order of arrest.

### Error from Saline District Court.

THE *Howe Machine Co.* brought its action against *Lincoln,* before a justice of the peace, on a promissory note, and at the

same time obtained an order of arrest for defendant. Afterward, the defendant filed a motion to be discharged from arrest, for the following reasons:

1. That prior to the issuance of the pretended order of arrest herein, neither the plaintiff, its agent, nor attorney, filed an affidavit as required by law.

2. That the so-called affidavit filed by the plaintiff's attorney does not state facts sufficient to warrant the issuance of an order of arrest.

3. That no order of arrest was issued, as required by law.

The defendant presented the order of arrest returned by the constable, which was not signed by the justice of the peace. The plaintiff moved the court for a new order, and offered evidence in support of the same.

The justice of the peace sustained the motion, found that the order of arrest was not legally served, and that the affidavit therefor did not state facts sufficient to warrant the issuing thereof, overruled the motion of plaintiff for another order, discharged the defendant from arrest, and taxed the costs to the plaintiff. The plaintiff presented the promissory note, demanded judgment and an execution against the person of defendant, and offered evidence to support the affidavit and order of arrest. The justice rendered judgment in favor of plaintiff, upon the note, but refused to hear evidence in support of its affidavit for an order of arrest, or award execution against the person. Plaintiff saved proper exceptions to all the proceedings, made a motion for a new trial, which was overruled and excepted to, made a bill of exceptions, and took the case to the district court by petition in error. The district court, at the November Term, 1879, affirmed all the judgments and proceedings of the justice of the peace. Plaintiff, excepted, made a case, and brings the record here for review.

*John Foster*, for plaintiff in error.

*Garver & Bond*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error (plaintiff below) commenced an action on a promissory note, against defendant, before a justice of the peace, filed its affidavit, and obtained an order of arrest. Before the trial, the order of arrest was discharged, and this is the error complained of. The motion to discharge was sustained upon two grounds — one, a defect in the writ, and the other, the insufficiency of the affidavit. So far as the first ground is concerned, there was obvious error. The writ issued by the justice was without defect; but the constable gave it to defendant, and retained the copy upon which he made his return, and which did not have the name of the justice upon it. Nevertheless the defendant, who at first refused to submit to arrest, came before the justice, and "admitted himself under arrest and subject to the jurisdiction of the court in that regard." The mistake of the constable in giving the wrong paper to the defendant did not vitiate the proceedings, and any mistake was waived by the action of the defendant.

The other ground presents the only real question in the case: Did the affidavit make such a showing of fraud as compelled the sustaining of the order of arrest? We cannot agree with counsel, that by deciding to issue the order, the justice so far found the affidavit to be sufficient as to prevent further consideration by him of the matter. While he acts judicially upon the affidavit in ordering the arrest, he decides upon an *ex-parte* hearing, and when the defendant is arrested, he may again, upon the motion of defendant, examine and decide upon the sufficiency of the showing in the affidavit, or, upon the denial of the facts in the affidavit by the defendant, proceed to an inquiry as to their truth as provided in § 25 of the justices' act. The question then is, Was the showing *prima facie* sufficient, and did it cast upon the defendant the duty of denial or explanation? It is true the defendant filed an affidavit of denial, but no inquiry was entered into. The plaintiff's showing was held insufficient.

The facts are these: The defendant was an agent of plaintiff, and as such sold some of its machines. He failed to pay over the proceeds, and when called upon gave his note for the amount due. At the same time, he promised to give a mortgage on forty acres of land belonging to him, as security therefor. He executed and delivered the mortgage to plaintiff, and then under a promise to obtain his wife's signature to the instrument, she living about twelve miles from the office where the settlement was made, he received the mortgage and went home. Instead of returning the mortgage with or without his wife's signature, he sold and conveyed the property to a third party, his wife joining in the conveyance, and he falsely represented that she refused to join in the mortgage.

These facts are stated in the affidavits more in detail, and other matters are also alleged, though mostly upon information and belief tending to strengthen the inferences deducible from these facts. This, however, is the burden of the complaint. Does it make a *prima-facie* showing of fraud?—for fraud alone under our constitution justifies an arrest for debt. We are inclined to think it does. It is the duty of an agent to remit to his principal the proceeds of the latter's property sold by him. If he fails to do this and converts such proceeds to his own use, he is guilty of embezzlement and may be punished for the crime. If a party executes one conveyance or assurance of lands, and then another, in which latter he fails to give notice of the former, he is guilty of a misdemeanor. (Sec. 99 of Crimes Act.) Both of these wrongs are charged upon defendant. The note sued upon was for balances due upon sales made of plaintiff's property. In settling, and to secure this claim, he gave a mortgage, and then, obtaining the mortgage on a false pretense, conveyed the property covered by the mortgage to a third party. This looks like fraud, and seems to call for explanation or denial. We think there was error in sustaining the motion to discharge, and for this error the judgment must be reversed, and the case remanded.

All the Justices concurring.