### THE HOWE MACHINE COMPANY v. E. LINCOLN.

ORDER OF ARREST, *Properly Refused; Practice.* An action on a note was
commenced before a justice of the peace, and upon affidavit therefor
duly filed the defendant was arrested. The latter filed his affidavit,
denying the truth of the charges in plaintiff's affidavit. Without, how-
ever, going to trial on the question of fact thus presented, he was dis-
charged from arrest by the justice upon motion, on the ground of a
technical defect in the proceedings. Judgment was entered against him
on the note. Thereafter plaintiff brought the proceedings before the
justice to the district court on error, and they were there affirmed. This
court, upon review, held those proceedings erroneous, and remanded the
case to the district court for further proceedings. In the meantime, an
abstract of the judgment on the note had been docketed in the district
court. The plaintiff presented the mandate of this court to the district
court, and also the docketed abstract, and demanded a finding and judg-
ment that defendant was subject to arrest and an award of execution
against the person. *Held,* That the court did not err in refusing this ap-
plication, and that the question of fact placed in issue by the two affi-
davits should first be tried.

*Error from Saline District Court.*

AT the November Term, 1880, of the district court, the *Howe Machine Company* demanded a finding and judgment that the defendant, *Lincoln,* was subject to arrest and imprisonment, and an award of execution against the person of defendant. This application the court overruled. The plaintiff brings the case here. The nature of the action, and the facts, appear in the opinion.

*John Foster,* for plaintiff in error.

*Garver & Bond,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This case has been to this court once before, and is reported in 24 Kas. 123. For a statement of the facts, see the opinion there filed. On the presentation of the mandate of this court, the district court entered an order reversing the judgment and ruling of the justice of the peace, and awarding costs. It made no order reserving the case for trial, or directing a new trial before the justice. The plaintiff at the same time submitted to the court an abstract of the justice's judgment which had been filed in the district court, and upon that demanded a finding and judgment that defendant was subject to arrest and imprisonment, and an award of execution against the person. This application was overruled, and this ruling is the error complained of.

We think the application was properly overruled. The abstract of judgment filed in the district court cuts no figure. It is not a part of this case. Certain rulings and orders of a justice of the peace were upon petition in error affirmed by the district and thereafter reversed by this court. Upon such reversal the proceedings in the district court are not affected by any such outside matter as the filing of an abstract. The case is not to be acted upon as though in the first instance the district court had reversed instead of affirmed the rulings of the justice. Upon such reversal the case is to be retained by

the district "court for trial and final judgment, as in cases of appeal." (Code, § 566.) What then is to be tried? Clearly in this case the ruling on the arrest proceedings. And it is to be tried as it should have been tried in the first instance before the justice. The justice should have overruled the objection to the sufficiency of the proceedings, and inquired into the truth of the charge. The same rule obtains in the district court. It must inquire into the truth of the charge; and upon that determination the question of arrest stands or falls. Counsel says this inquiry should have been made at the trial of the cause of action, and as one of the issues in the action, as prescribed by statute. (Justices' Act, § 25.) This is true, and if the justice had ruled correctly, the inquiry would then have been had. His mistake does not prevent any inquiry. The only way his error can fairly be corrected is by setting aside his ruling and remanding the question of fact for trial, just as though no such error had been committed. In no other way can even-handed justice be done to both parties.

The ruling complained of will be affirmed; but we add in response to the query of counsel, that on application of plaintiff it is the duty of the district court to inquire into the truth of the affidavit, and if in letter and spirit its charges are sustained, it should award execution against the person. No error is alleged as to the judgment. The only inquiry is as to the process for collection. We have disposed of questions of form and practice. The remaining question is one of fact. If that should be solved in favor of the plaintiff, it should have execution against the person; if not, there will be simply a money judgment, with execution against property.

We see nothing else requiring notice. The judgment will be affirmed.

All the Justices concurring.