## E. C. Williamson *v.* V. R. Wilcox.

False Imprisonment. *Action for, against mayor. Waiver of affidavit and writ. Instruction.*

    E., as mayor of the town of H., fined V. for an alleged violation of a town ordinance, without first having an affidavit against him or warrant for his arrest. V. paid the fine under protest, and then sued E. for false imprisonment, and recovered a judgment against him. There was evidence to the effect that V. waived the making of an affidavit and the issuance of a writ, and the court was asked by E. to instruct the jury that if they believed from the evidence that such waiver was made they should find for the defendant, but the court refused to so instruct. *Held*, that the instruction should have been given, as the waiver if made constituted a good defense to the action.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

V. R. Wilcox was in Hazlehurst establishing an agency for the sale of sewing-machines. The marshal of the town, under instructions from the mayor, demanded that he pay a privilege tax. He refused to pay it, and was told by the marshal to go up to the mayor's office and see him about it. He did go, and the mayor insisted that Wilcox was liable under a town ordinance and must pay the tax. Wilcox still refused, and said to Williamson, the mayor, that he wanted the matter settled at once. The mayor replied that the marshal was not present to make out an affidavit against him. Wilcox still insisted on a settlement of the matter at once. The mayor said, " Well, I'll fine you ten dollars and costs," and instructed the marshal to take charge of Wilcox and turn him over to the street contractors to work out his fine, if it was not paid. Wilcox paid the fine under protest and brought an action for damages against Williamson, the mayor, for false imprisonment. On the trial Williamson swore that Wilcox said that he was in a hurry, and would waive the necessity of an affidavit and warrant for his arrest. Wilcox denied this, but swore that he simply urged that the matter be settled immediately. The first, second, and eighth instructions offered by defendant were to the effect that if the jury believed that Wilcox waived the making of an affidavit and issuance of a warrant, they must find for the defendant. The court below refused to give these instructions. The jury found for the plaintiff, and assessed the damages at eight hundred and thirty-three dollars and thirty-three and one-third cents. The defendant, Williamson, appealed.

*R. N. Miller* and *J. S. Sexton,* for the appellant.

The first, second, and eighth instructions asked for by the defendant and refused should have been given. They announced the familiar principle of contributory negligence, and were clearly applicable to Williamson's testimony. Wilcox urged Williamson to act, saying, " Dispose of me now—I'm in a hurry. I waive the necessity of an affidavit." He is, then, surely estopped to claim damages on this account, and the jury should have so been instructed.

The law of this case is settled by the decision in *Bell et al.* v. *McKinly,* decided at the present term of this court.

*W. P. &. J. B. Harris,* for the appellee.

As to the instructions asked by the defendant and refused by the court, this court can see at a glance that they were properly refused. There was no view of the case from the admitted facts in which the jury would have been warranted in finding a verdict for the defendant, and any instruction telling the jury that the plaintiff was not entitled to recover under any view of the case proven would have been erroneous. These instructions are covered by *Bigham* v. *The State,* 59 Miss., and *Wilcox* v. *Williamson,* 61 Miss. The third instruction refused was properly refused because it is too narrow in attempting to fix the actual damage at the fine and cost paid upon the judgment rendered by Williamson.

The counsel for appellants have taken a mistaken view of the whole case, as is shown by their citing *Bell* v. *McKinly* as conclusive authority for them. Under the facts of the case at bar the defendant was a trespasser and must be treated as such. He was wholly without jurisdiction. The proceeding was *coram non judice.* Williamson knew he was wrong. He knew an affidavit was necessary, as the testimony shows. He was acting upon no mistake of fact. The jury were left to judge as to his motive, and they found the fact to be that he acted maliciously.

ARNOLD, J., delivered the opinion of the court.

There is testimony to the effect that after he had voluntarily appeared before appellant, as mayor of the town of Hazlehurst, appellee insisted or consented that the question of his violating the ordinances of the town should be at once disposed of, and that for this purpose he waived affidavit being made and warrant being issued. The legal effect of this evidence, if credited by the jury, should have been submitted to them on proper instructions from the court, as appellant sought to do. If this testimony was true, it established a complete defense to the action. For a purely private injury one cannot maintain a suit when he has consented to the act which produced the injury. The maxim, *volenti non fit*

*injuria,* applies and controls in such case. Broom's Leg. Max. 268; 1 Whart. Cr. L., § 751b; Cooley on Torts 163; *Ill. Cent. R. R. Co.* v. *Allen,* 39 Ill. 205; *Pillow* v. *Bushnell,* 5 Barb. 156.

*Reversed.*