AARON MARCUS v BERNSTEIN, COHEN & CO.

*Action for Damages—Malicious Prosecution—Termination of Criminal Action—Nolle Prosequi at Instance of Accused.*

1. The criminal proceeding which is made the ground for an action for malicious prosecution must be terminated before such action can be maintained.

2. A *nolle prosequi* is a sufficient termination of a criminal proceeding to entitle the defendant therein to maintain his action for malicious prosecution unless it appears from the record that he *procured* the proceeding to be so terminated.

CIVIL ACTION for malicious prosecution, tried before *Brown, J.*, and a jury, at Spring Term, 1895, of TYRRELL Superior Court.

The plaintiff was arrested in a criminal proceeding at the instance of the defendant, and was charged with embezzling goods to the amount of $80, belonging to the defendant. The plaintiff insisted that he purchased the goods out and out, and the defendant insisted that the goods were simply consigned to him to be sold, &c. The plaintiff was arrested and brought before a justice of the peace for trial, when the plaintiff " acknowledged the claim

and arranged with the prosecutor that if he would withdraw the suit or take a *nol pros*, he would settle the claim, which was agreed to."

The plaintiff paid the claim and the prosecutor took a *nol pros* and paid the cost of the criminal action. Plaintiff was thereupon discharged, and brought this action for damages, alleging that the prosecution was malicious. The issues were found in favor of the plaintiff and he had judgment, from which the defendant appealed.

Messrs. *J. H. Blount, W. M. Bond* and *R. C. Strong*, for plaintiff.

Messrs. *Shepherd & Busbee*, for defendants (appellants).

FAIRCLOTH, C. J. : His Honor charged the jury that upon the facts in this case the burden was upon the plaintiff to show to the satisfaction of the jury, by a preponderance of evidence, that the prosecution was not only malicious, but that it was also commenced and the defendant was arrested without probable cause, and that the prosecution had terminated before the commencement of this action. This charge was quite favorable to the defendant, and as the plaintiff made no exception, those questions are out of our way. It is well settled that the criminal proceeding must be legally terminated before an action of this nature can be maintained, and it is unnecessary to cite authorities on that proposition.

What constitutes a legal termination of the criminal action is a question upon which the authorities are conflicting in different States. We shall not review them nor collect them into opposing scales for the purpose of finding in which scale is the preponderance of evidence, as this Court has said that a *nolle prosequi* is sufficient to enable a party alleging to maintain his action. *Hatch* v. *Cohen,*

MARCUS *v.* BERNSTEIN.

84 N. C., 602; *Welch* v. *Cheek*, 115 N. C., 310; *Groves* v. *Dawson*, 133 Mass., 419. The essential thing is that the prosecution, on which the action for damages is based, should have come to an end. How it came to an end is not important to the party injured, for whether it ended in a verdict in his favor, or was quashed, or a *nol pros* was entered, he has been disgraced, imprisoned, and put to expense, and the difference in the cases is one of degree, affecting the amount of the recovery.

The defendant contends, however, that when a *nol pros* is obtained by the procurement or consent of the plaintiffs, that is an exception to the above rule. We are not aware that that question has ever been presented to this Court, but we are inclined to agree to that proposition. In *Langford* v. *Railroad, No.* 114 Mass., 431, it was held that, " Where a *nol pros* is entered by the procurement of the party prosecuted or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution." We do not think, however, that the facts in the present case make an exception to the general rule. The plaintiff protested all the time that his arrest was malicious and without just cause. There was no compromise, as the plaintiff only paid his debt, which he was in duty bound to do, and the defendant paid the cost of the prosecution. This was the arrangement or agreement, and nothing appears to show that the plaintiff *procured* the *nol pros*, any more than that the defendant entered it on his own motion. In fact, his paying the costs rather indicates his desire to have a " *stet processus*," as it is called in the early books, and also indicates that his action was instituted more for the purpose of collecting his debts than because of any criminal offence, or from any patriotic motive, which purpose can receive no sanction in this Court, and should

117—3

not be encouraged in any court.   It is an unauthorized mode of the strong controlling the weak.

" Procure " means " to contrive, to bring about, to effect, to cause."   Webster Dict.   Procure means action, and the *nol pros* must have been at the instance or request of the plaintiff.   If it can not be seen at whose instance the dismissal was entered, then the general rule prevails, because the reason and the grounds upon which the exception is based do not appear.

No Error.