C. H. WELCH v. JOSIAH CHEEK.

(Decided December 5, 1899.)

*Malicious Prosecution—Termination Induced by Defendant.*

1. Before a civil action for damages can be maintained for malicious prosecution, the criminal action must have terminated in some way by *nol pros,* verdict, quashing, etc.

2. When the termination of the criminal action is entered by procurement or inducement of the defendant, he can not institute a civil action for malicious prosecution.

CIVIL ACTION for damages for malicious prosecution, upon a charge of embezzlement, tried before *Shaw, J.,* at March Term, 1899, of the Superior Court of RANDOLPH County.

The defendant introduced no evidence. The testimony tended to show, among other things, that the criminal prosecution had been compromised by the parties, and in consequence thereof the action had been dismissed by the magistrate, and the accused discharged.

*Issues Submitted to the Jury.*

1. Did the defendant cause the arrest of plaintiff upon the charge of embezzlement maliciously and without probable cause, as alleged in the complaint? Answer. "Yes."

2. If so, was said action terminated prior to the institution of this action? Answer. "Yes."

3. Did the plaintiff compromise said action with the defendant, and agree to and consent to the ending of the action before J. P. Phillips, J. P. ? Answer. "Yes."

4. What damages, if any, has plaintiff sustained by reason of said arrest? Answer. "$650."

The plaintiff moved for judgment upon the verdict, and so did the defendant. The Court rendered judgment in favor of defendant—the plaintiff excepted and appealed.

*Mr. J. A. Barringer,* for appellant.
*Mr. J. T. Morehead,* for appellee.

FAIRCLOTH, C. J. This is an action for malicious prosecution. In the criminal action the plaintiff alleged that the defendant had embezzled $100 of plaintiff's money, which was denied. The plaintiff in this action was arrested under a warrant, and he alleges that it was done maliciously and without probable cause. The defendant avers in his answer that "the plaintiff prevailed on the defendant to let the matter drop, which was not done voluntarily by the defendant; on the contrary, there was no trial by the consent and at the procurement of the plaintiff," and that he paid some of the costs which had accrued. The jury rendered a verdict on the first, second and fourth issues in favor of the plaintiff.

The third issue, "Did the plaintiff compromise said action with the defendant, and agree to and consent to the ending of the action before J. P. Philips, Justice of the Peace ?" was answered "yes," after the evidence was heard. The above quotation from the answer, first above copied, we think raised an important issue, and was not merely an evidentiary fact as insisted by the plaintiff, and was properly submitted to the jury.

WELCH *v.* CHEEK.

It is a settled rule that, before an action like the present to recover damages can be maintained, the criminal action must have terminated in some way, either by *nol pros,* verdict or quashing, etc.  When, however, the termination has been induced and brought about by the defendant, he can not maintain an action for damages.  "Where a *nol pros* is entered by the procurement of the party prosecuted or by his consent or by compromise, such party can not have an action for malicious prosecution." *Langford v. Railroad,* 114 Mass., 431 ; *Marcus v. Bernstein,* 117 N. C., 31.

In *Welch v. Cheek,* 115 N. C., 310, and in the last-named case, what constitutes a legal determination of the action, preponderance of evidence, and on which party the burden of proof rests, etc., are discussed.  In *Bernstein's* case, *supra,* it appears that the plaintiff "acknowledged the claim and arranged with the prosecutor that, if he would withdraw the suit or take a *nol pros,* he would settle the claim, which was agreed to."  There being nothing to show *procurement* of the *nol pros* any more than that the defendant entered it of his own motion, and it appearing that the plaintiff had only paid a debt, which was his duty to do, it was held that the action for damages could be maintained. · In the present case the jury have said that the plaintiff did compromise said action with the defendant, and agree to and consent to the ending of the action before the Justice of the Peace.  In consequence of this fact the action was dismissed.

The fact settled by the answer to the third issue brings the case under the exception above referred to, and deprives the plaintiff of a right of action, and in that respect differs from *Marcus v. Bernstein, supra.*

This view disposes of the action, and it is unnecessary to examine other exceptions of a minor class.

Affirmed.