### ERIE R. CO. v. REIGHERD.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1909.)

1. FALSE IMPRISONMENT (§ 7*)—ACTS CONSTITUTING—ILLEGALITY OF ARREST.

An arrest without a warrant of a person found by one clothed with the authority of a police officer in a public place in a state of intoxication, or acting in a disorderly manner, and his detention for the action of the proper police authorities, is not a false arrest, or his arrest a false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 6; Dec. Dig. § 7.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FALSE IMPRISONMENT (§ 7*)—CIVIL LIABILITY—DEFENSES—WAIVER BY PLEA OF GUILTY.

A person arrested without a warrant for being intoxicated or disorderly, by voluntarily signing a waiver of an affidavit and a plea of guilty, as permitted by the rules of the court which are adopted under authority of the state law, thereby waives any right to deny the legality of his arrest or detention, and cannot maintain an action for false imprisonment based thereon.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 79; Dec. Dig. § 7.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

W. E. Cushing, for plaintiff in error.

E. J. Anderson, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. Action in tort. The petition averred that the defendant company was a common carrier of passengers; that the plaintiff, while a passenger upon one of its cars in a train standing in its station at Cleveland, Ohio, was assaulted and beaten by one of its employés, a certain special railway detective, and violently ejected from said car with great force, by which he sustained injuries, etc. A second cause of action was in these words:

"Plaintiff for his second cause of action incorporates above first cause of action as fully as if same were herein rewritten, and further says that the defendant company did on said 1st day of July, and at said Erie Depot, by said employé, unlawfully, maliciously, and without any reasonable or probable cause, arrest plaintiff, and with force and violence, and against the will of plaintiff, unlawfully place plaintiff in a patrol wagon, and cause plaintiff to be carried to the city prison of said city of Cleveland, where plaintiff was unlawfully and against the will of plaintiff imprisoned and detained, from whence he was discharged."

The amended answer was as follows:

"The defendant, Erie Railroad Company, for its amended answer to the plaintiff's petition, says that it admits that at the time stated in plaintiff's petition it was a common carrier operating a railroad between the cities of Cleveland, Cuyahoga county, Ohio, and Youngstown, Ohio, and was a carrier of passengers for hire.

"This defendant further admits that on the 1st day of July, 1906, plaintiff was ejected from one of its trains at the passenger station of this defendant, in the city of Cleveland, but avers that he was so ejected because he was intoxicated and disorderly and was disturbing other passengers upon said train.

"Defendant also avers that plaintiff was thereupon arrested by a policeman duly appointed and commissioned to act as such for defendant and upon the premises of its railroad, and by him turned over to police officers of the city of Cleveland on the charge of intoxication, and by them taken to the station house of said city, where he was detained for a short time upon said charge, and then plaintiff having become quieter and promising to make no further trouble, and having, in writing signed by him and duly filed, waived the reading of affidavit in the proceeding against him and the right to be personally present in the police court of said city in said proceeding and entering a plea of guilty to said charge, and throwing himself upon the mercy of the court, he was suffered to and did go at large, a short time after his arrival at such station house, at his own desire, and with plaintiff's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assent, and his said waiver and plea of guilty were duly entered upon the journal and docket of said court, and upon the calling of the proceeding against him in said court and entry discharging him was duly made by said court.

"This defendant, further answering, denies each and every allegation in plaintiff's petition contained, not hereinbefore specifically admitted, and avers that the said ejection and arrest of said plaintiff were made without force other than was reasonably necessary to effect the same."

There was a verdict and judgment for the plaintiff. The errors assigned relate only to the second cause of action.

Reigherd was originally arrested under the accusation of being found on one of the company's passenger cars in its station at Cleveland, Ohio, in a state of intoxication and disorderly, by a special police officer in the employment of the railway company. He was removed from the car in which he was so found, and detained in the company's station until a police officer of the city could be called, by whom he was taken to the central police station and there detained for examination. In the course of an hour the accused promised to behave, and upon signing a stipulation was discharged and allowed to resume his journey. This stipulation was according to the usual practice in petty misdemeanors, and was in these words:

"State of Ohio, Cuyahoga County—ss.

"In the Police Court of the City of Cleveland.

"The City of Cleveland, v. George Reicherd. Waiver.

"Cleveland, O., July 1, 1906.

"I hereby waive the reading of the affidavit in the above-entitled action, waive the right to be personally present in the police court of said city, upon my trial enter a plea of guilty to the charge of intoxication, and throw myself upon the mercy of the court.                    George Reicherd.

"Witness: A. Walker, Lieut."

At a session of the police court the following morning the case was disposed of by an entry covering this and other cases where like waivers had been signed, in these words:

"Monday, July 2, 1906. George Reicherd. Intoxication. Waiver filed. Plea of guilty entered in each case [referring to other persons in similar situations, whose names are also set out], and defendants are discharged."

Under these undisputed facts, we think the second cause of action was not made out, and that the court erred in not so instructing the jury. An arrest without a warrant, by one clothed with the authority of a police officer, of one found by him in a public place in a state of intoxication, or acting in a disorderly manner, and his detention for the action of the proper police authorities, is not a false arrest, nor his detention a false imprisonment. Cooley on Torts, (3d Ed.) p. 307.

Being found in a state of intoxication is a statutory misdemeanor in Ohio. Rev. St. §§ 6,940, 6,795. The employé of the railway company who made the arrest, and who removed Reigherd from the car in which he was found, was a regularly qualified and commissioned police officer, clothed with all the authority and powers "of policemen of cities of the first class," when directly in the discharge of his duties for the railway company upon its premises. Rev. St. Ohio, §§ 3427, 3428, 3429. The city of Cleveland is a city of the first class, and its

police court has jurisdiction of misdemeanors committed within its limits and within four miles thereof. Rev. St. Ohio, § 1785; Act Jan. 22, 1904 (97 Ohio Laws, p. 7). The powers of its police court are those incident to courts of common pleas so far as necessary to exercise its jurisdiction. Rev. St. Ohio, § 1791. · And it may make rules of practice. Rev. St. Ohio, §§ 1794, 1795. One arrested upon an accusation of misdemeanor within its jurisdiction may in writing admit his guilt and be tried by the court without a jury, and in his absence upon such plea of guilty. Rev. St. Ohio, § 7301. His arrest without a warrant was authorized, if he was in fact found either disorderly or in a state of intoxication by the special officer who made the arrest. Section 7129, Revised Statutes of Ohio, provides expressly that any sheriff, constable, watchman, or public officer "shall arrest and detain any person found violating any law of this state, or any legal ordinance of a city or village, until a legal warrant can be obtained."

But if we assume that there was evidence upon which Reigherd might have gone to the jury upon the question as to whether he was arrested upon a view of the special officer, or whether in point of fact he was either intoxicated or disorderly, or that the arrest was made without probable cause to believe that he was at the time of arrest either intoxicated or disorderly, the plaintiff, by his voluntary waiver of a warrant, and his voluntary plea of guilty, thereby waived any right to deny the legality of his arrest or detention. So are the weight of the authorities and the clear preponderance of reason. 2 Am. & Eng. Ency. p. 910; Billington v. Hoverman, 18 Ohio Cir. Ct. R. 637; Williamson v. Wilcox, 63 Miss. 335; Howe Mach. Co. v. Lincoln, 24 Kan. 123; Junction City v. Keeffe, 40 Kan. 275, 19 Pac. 735; Williams v. Shillaber, 153 Mass. 541, 27 N. E. 767; Saunders v. Gallaher, 2 Humph. (Tenn.) 445; Ilsley v. Harris, 10 Wis. 95; Maxwell v. Deens, 46 Mich. 35, 8 N. W. 561. That Reigherd's plea of guilty would be a complete defense to an action for malicious prosecution is clear. Such a termination of the prosecution would establish conclusively that the prosecution was upon probable cause, and probable cause is an answer to a suit for malicious prosecution. Wheeler v. Nesbitt, 24 How. 544, 16 L. Ed. 765; Stewart v. Sonneborn, 98 U. S. 187, 195, 25 L. Ed. 116; Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614. A termination of a prosecution by nol. pros. by consent of the defendant, or by a compromise, is such a termination as to leave no foundation for denying that there was probable cause. Wilkinson v. Howell, 1 Mood. & M. 495; Mayer v. Walter, 64 Pa. 283; Welch v. Cheek, 125 N. C. 353, 34 S. E. 531; Langford v. Railroad Co., 144 Mass. 531, 11 N. E. 697; Atwood v. Beirne, 73 Hun, 547, 26 N. Y. Supp. 149; Jones v. Foster, 43 App. Div. 33, 59 N. Y. Supp. 738; Williamson v. Wilcox, 63 Miss. 335; Billington v. Hoverman, 18 Ohio Cir. Ct. R. 637. While there are material differences between actions for illegal arrest and actions for false imprisonment or malicious prosecutions, yet in most important respects the actions are cognate.

Take the case at bar. Reigherd was arrested upon an accusation of being intoxicated. The arrest was made without a warrant, but by one

having the power and authority of a police officer, and therefore the right to arrest and detain one found by him in a state of intoxication until a warrant could be obtained. Now, this arrest was plainly lawful, although without a warrant, if he was found by the special officer in a state of intoxication. Whatever the offense of Reigherd, if any, it was one in view of the officer who made the arrest. When, therefore, he waived the production of an affidavit which might have been made after the arrest, and pleaded guilty to the accusation upon which he was arrested, that waiver and plea destroyed the very foundation of any action for illegal arrest, whether the arrest was for a past offense without a warrant, or without probable cause to believe him in a present state of intoxication. In this respect the principles applicable to this case are those applicable to a case of malicious prosecution. Sound principles of public policy are opposed to sustaining a suit which is inconsistent with the voluntary action of the plaintiff in waiving an affidavit, as well as evidence of the truth of the accusation by a plea of guilty, thereby shutting out evidence which might have established the lawfulness of the arrest.

The verdict was a general verdict. If upon either one of the causes of action there was no liability, the judgment was erroneous. We say nothing as to the first cause of action, as no assignments of error have been made.

Judgment reversed, and new trial awarded.