**Ronald Lee TUCKER, Appellee,**

v.

**Dewey DUNCAN and Tom Rasmussen, Appellants.**

**No. 73–1689.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1974.

Decided July 9, 1974.

Frank B. Aycock, III, Charlotte, N. C., for appellants.

George S. Daly, Jr., Charlotte, N. C., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Ronald Lee Tucker brought an action under 42 U.S.C. § 1983 against two Belmont, North Carolina police officers, Dewey Duncan and Tom Rasmussen, seeking damages for unlawful arrest, use of unlawful force, and malicious prosecution. A jury found in his behalf on all issues and awarded damages against each of the defendants accordingly. We find no reversible error in the trial as to the issues of unlawful arrest and use of unlawful force. Since it appears, however, that Tucker's prosecution for public drunkenness and resisting arrest was terminated by efforts brought about by Tucker or his attorney, with his consent, we reverse as to the issue of malicious prosecution.

The facts stated most favorably for plaintiff show that on December 13, 1970, at approximately 4:00 a. m., the plaintiff, accompanied by his wife, walked across his yard with the intention of obtaining pipe tobacco from his automobile. Before he reached the street, however, officers Duncan and Rasmussen drove up in a police car and announced, although neither had a warrant, that they were placing Tucker under arrest for public drunkenness. When both Rasmussen and Duncan seized his arms, Tucker pulled away. Rasmussen then threw Tucker, still in his front yard, face down in the grass, twisted his arm behind him and sat astride his back. Tucker's wife testified that, at that point, Rasmussen struck Tucker twice with a blackjack, thereby opening a cut in his forehead which later required eight stitches to close. Duncan and Rasmussen then handcuffed Tucker and placed him face down in the street.

Tucker was subsequently charged with public drunkenness and resisting arrest. During trial, Tucker testified that he went three times to court on matters concerning these charges but was never tried. On the last of these occasions, the charges were dropped shortly after his attorney spoke with the prosecutor in a back room. He testified that his attorney obtained a nol-pros of the charges.

The testimony of Duncan and Rasmussen differs substantially from that of the plaintiff. According to their account of the incident, Duncan and Rasmussen approached Tucker's residence after receiving a dispatch call to investi-

gate the vicinity. They claim that as they approached in their patrol car Tucker entered the street, and that he was both intoxicated and profane. The scuffle between Tucker and Rasmussen occurred when the officer, seeing the tip of Tucker's pipe protruding from his pocket, believed it to be the butt of a gun. The jury, nevertheless, chose to believe Tucker's account of the incident, and found both defendants guilty on the issues of unlawful arrest, use of unlawful force, and malicious prosecution.

In this appeal, the defendants concede that the evidence was sufficient to go to the jury on the issue of unlawful arrest as to both defendants, and on the issue of unlawful force as to Rasmussen only, but not as to Duncan. Duncan's own testimony, however, indicates that he seized Tucker's arm when Rasmussen threw him to the ground, and that he later handcuffed Tucker, thus indicating at least some part in the affray. Conseqeuently, we find there was evidence from which a jury might have believed that Duncan had used unlawful force. Lavender v. Kurn, 327 U. S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916 (1946); Chicago, St. P., M & O Ry. Co. v. Kulp, 102 F.2d 352, 356 (8th Cir.), cert. denied, 307 U.S. 636, 59 S.Ct. 1032, 83 L.Ed. 518 (1939).

Since the record also indicates, however, without contradiction, that the charges against Tucker were dismissed by way of nol-pros obtained by his attorney, the issue of malicious prosecution should not have been given to the jury to decide. As the North Carolina Supreme Court had occasion to note in Welch v. Cheek, 125 N.C. 353, 34 S.E. 531, 532 (1899):

"When, however, the termination has been induced and brought about by the defendant, he cannot maintain an action for damages. 'Where a nol.

pros. is entered by the procurement of the party prosecuted, or by his consent or by compromise, such party cannot have an action for malicious prosecution.'. Langford v. Railroad Co., 144 Mass. 431, 11 N.E. 697; Marcus v. Bernstein, 117 N.C. 31, 23 S.E. 38."

See also Alexander v. Lindsey, 230 N.C. 663, 55 S.E.2d 470, 476 (1949).

Other assignments of error have been considered and found without merit. Judgment will be entered in accordance with this opinion.[1]

Affirmed in part; reversed in part; and remanded.

---

1. 42 U.S.C. § 1983 is a right of action for the deprivation of federal constitutional rights. It is not a federal remedy for ordinary state tort claims, for it can vindicate only federal constitutional rights determined under federal substantive law. See Street v.

Surdyka, 492 F.2d 368 (4th Cir. 1974). Within those confines, however, it is not inappropriate to borrow from state law a developed body of rules governing actionable wrongs and a procedural bar to the assertion of a federal claim of relative triviality.