Gordon L. SOMERS, Plaintiff,

v.

Brenda K. STRADER, Individually and as an employee of Reidsville City Schools, the Reidsville City Board of Education, a body corporate, C. Hunter Moricle, Individually and as Chairman of the Reidsville City Board of Education, John Reynolds, Individually and as Superintendent of Reidsville City Schools, William F. McLeod, Individually and as attorney for the Reidsville City Board of Education, Clay Barham, Individually and as Assistant Principal of Middle School, Carolyn Burson, Individually and as a member of the Reidsville City Board of Education, W. W. Trigg, Individually and as a member of the Reidsville City Board of Education, Bernard Jones, Individually and as a member of the Reidsville City Board of Education, and Kenneth Whicker, Individually and as a member of the Reidsville City Board of Education, Defendants.

No. C–76–572–G.

United States District Court,
M. D. North Carolina,
Greensboro Division.

Aug. 25, 1977.

Robert S. Hodgman, Greensboro, N. C., for plaintiff.

Norwood E. Robinson, Reidsville, N. C., and Luke Wright, Greensboro, N. C., for defendants.

MEMORANDUM ORDER

GORDON, Chief Judge.

This case is before the Court on the defendants' motion to dismiss on grounds that the Court lacks subject matter jurisdiction and that the plaintiff has failed to state a claim upon which relief can be granted.

On October 22, 1976, the plaintiff filed this action against the defendants who are employees and board members of the Reidsville City Schools. On or about October 23, 1975, someone passed a stopped school bus operated by the defendant Brenda Strader while that bus was discharging passengers. The plaintiff alleges that the Reidsville police conducted two "line-ups" at which the bus driver and passengers failed to identify the plaintiff as the driver of the vehicle that passed the stopped bus. The plaintiff further alleges that after a North Carolina magistrate refused to issue a warrant for the plaintiff, certain of the defendants caused a criminal summons to be issued against the plaintiff. The subsequent criminal proceeding against the plaintiff was dismissed at the close of the state's evidence.

The plaintiff contends that these and other actions by the defendants violated 42 U.S.C. § 1983 by depriving him of rights, privileges and immunities secured for him by the Constitution and the laws of the

United States. The plaintiff also asserts state torts claims of malicious prosecution and abuse of process and seeks to have this Court exercise pendent jurisdiction to hear these claims.

■ 42 U.S.C. § 1983 is a federal remedy which protects only federal constitutional rights. While state tort claims do not necessarily constitute § 1983 claims, various federal court decisions have recognized that the facts underlying state tort claims for false arrest, abuse of process and malicious prosecution may also provide the basis for a § 1983 claim. *Tucker v. Duncan,* 499 F.2d 963 (4th Cir. 1974); *Nesmith v. Alford,* 318 F.2d 110 (5th Cir. 1963), *cert. denied* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); *Martynn v. Darcy,* 333 F.Supp. 1236 (E.D.La.1971); *Shaw v. Garrison,* 328 F.Supp. 390 (E.D.La.1971), *aff'd* 467 F.2d 113 (5th Cir.), *cert. denied* 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972); *Sexton v. Gibbs,* 327 F.Supp. 134 (N.D.Tex.1970), *aff'd* 446 F.2d 904 (5th Cir. 1971), *cert. denied* 404 U.S. 1062, 92 S.Ct. 733, 30 L.Ed.2d 751 (1972); *Daly v. Pedersen,* 278 F.Supp. 88 (D.Minn.1967).

■ The defendants base their motion to dismiss on their contention that the alleged § 1983 violation is in the nature of an action for malicious prosecution. The defendants have cited several cases to support their view that actions in the nature of malicious prosecution cannot constitute a civil rights violation: *Paskaly v. Seale,* 506 F.2d 1209 (9th Cir. 1974); *Martin v. King,* 417 F.2d 458 (10th Cir. 1969); *Curry v. Ragan,* 257 F.2d 449 (5th Cir.), *cert. denied* 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958); *Lyons v. Baker,* 180 F.2d 893 (5th Cir.), *cert. denied* 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608 (1950); *Curtis v. Rosso & Mastracco, Inc.,* 413 F.Supp. 804 (E.D.Va.1976); *Hahn v. Sargent,* 388 F.Supp. 445 (D.Mass.), *aff'd on* other grounds, 523 F.2d 461 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

The Court has closely examined the cases cited by the defendants and finds that they do contain language that lends support to the defendants' contention. The most trou-blesome of these cases is the *Curtis* decision from another federal district court in the Fourth Circuit. In *Curtis,* Judge Clarke held that malicious prosecution actions are not within the scope of the Civil Rights Act. 413 F.Supp. at 809. None of the cases cited by the defendants, however, are determinative of the question at hand in light of the decision by the Court of Appeals for the Fourth Circuit in *Tucker v. Duncan,* 499 F.2d 963 (1974).

In *Tucker,* the court of appeals recognized that facts that would give rise to a claim for malicious prosecution could also support a § 1983 violation. The court of appeals in *Tucker* affirmed jury verdicts finding § 1983 violations for unlawful arrest and use of unlawful force, while the court reversed a jury verdict finding a § 1983 violation in the nature of malicious prosecution. In reversing the jury verdict, the court adopted the North Carolina law governing malicious prosecution and stated that while § 1983 claims and state tort claims are entirely distinct, it is sometimes appropriate "to borrow from state law a developed body of rules governing actionable wrongs." 499 F.2d at 965. The court reversed the jury finding of malicious prosecution because in North Carolina an action for malicious prosecution will not lie where the plaintiff procures or consents to a *nolle prosequi* in the preceding criminal matter. Thus the court of appeals seems to recognize that, in proper circumstances, facts constituting a state claim for malicious prosecution may also support a § 1983 claim.

■ A further reason for denying the defendants' motion to dismiss is that the plaintiff's complaint alleges additional constitutional deprivations not grounded on the facts underlying the malicious prosecution claim. Specifically, the plaintiff alleges that the defendants' actions subjected him to unlawful arrest and that such constitutes abuse of process.

For the above reasons the defendants' motion to dismiss is denied.

Therefore, it is ORDERED that the defendants' motion be, and the same is hereby, DENIED.