Michelle SANDLIN, by her parents, Mr. and Mrs. Glenn Sandlin, Gary Stacy, by his parents, Mr. and Mrs. David E. Stacy, Revonda Ferrell, by her mother, Mrs. Mozetta Ferrell, Tina Wood, by her parents, Mr. and Mrs. James Ray Wood, Appellants,

v.

Earl JOHNSON, Superintendent, Pittsylvania County Schools, Richard Huffman, Principal, Whitmell Elementary School, E. B. Fitzgerald, Chairman, Pittsylvania County School Board, Dr. D. E. Burnette, Vice-Chairman, Pittsylvania County School Board, Obie G. Adams, Member, Pittsylvania County School Board, Koyeton H. Beavers, Jr., Member, W. S. Easley, Jr., Member, Carter G. Layne, Member, George A. Martin, Member, Calvin C. Oakes, Member, Carl A. Obuchowski, Member, Edith W. Smith, Member, Harold E. Terry, Member, and William K. Pearson, Member, Appellees.

No. 80–1213.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 14, 1980.

Decided March 11, 1981.

Fred D. Smith, Jr., Martinsville, Va. (Gendron, Kirby & Smith, Martinsville, Va., on brief), for appellant.

Frank O. Meade, Danville, Va. (Meade, Tate & Daniel, Danville, Va., on brief), for appellees.

Before RUSSELL, MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Four second grade students filed the case as a class action on behalf of themselves and eighteen other similarly situated second graders[1] against the principal of their school, and the superintendent of schools and school board of Pittsylvania County, Virginia. Plaintiffs attended the Whitmell Elementary School. Only one member of their class was promoted to the third grade at the end of the 1977–1978 school year. The stated and undisputed ground for denial of promotion was the students' failure to complete the requisite level of the Ginn Reading Series. While plaintiffs do not deny that they failed to demonstrate the required reading level, they argue that they are nevertheless capable of reading at the third grade level. They sued pursuant to 42 U.S.C. § 1983 claiming a denial of equal protection of the law because, as their Complaint had it:

> By either the defendants' negligent and careless supervision of the instruction of plaintiffs or by their arbitrary and negligent grading and classification of these plaintiffs, plaintiffs have been effectively denied third grade educational opportunities commensurate with their abilities and in accord with educational opportunities provided other students similarly situated in the Pittsylvania County School System.

Plaintiffs contended that defendants' actions damaged them by delaying the completion of their education and their obtaining employment, by foreclosing "certain lucrative employments ... because of a lack of education provided them commensurate with their abilities," and by burdening them with the stigma of failure. Plaintiffs sought $25,000 each in damages and a permanent injunction prohibiting defendants from denying to plaintiffs educational opportunities commensurate with their abilities and comparable to the opportunities provided other similarly situated students in the Pittsylvania County Public School System. The students further requested an order requiring the school authorities

> to provide plaintiffs with third grade educational opportunities they have been denied in the form of a curriculum and classes designed to accomplish this training by September of 1979 at no cost whatsoever to the plaintiffs or their parents with this curriculum and class plan designed to prepare plaintiffs and others similarly situated for admission into the fourth grade for the school year 1979–80.

Defendants responded that they had provided equal opportunities to plaintiffs, that while plaintiffs' intelligence was such that they were capable of reading at the third grade level, they had failed to progress to that level of mastery, and that promoting plaintiffs before they had mastered the requisite reading skills would be counter-productive and would increase plaintiffs' reading deficiencies.

Defendants moved to dismiss; the motion was denied. Prior to trial, however, the district court *sua sponte* issued an order dismissing the suit on the ground that federal courts should abstain from resolving controversies which involve the administration by a state or subdivision of its own affairs. Plaintiffs have appealed.

---

1. No class was ever certified, Fed.R.Civ.P. 23(c), and certification or its denial is not an issue on appeal.

There is no allegation in the case that plaintiffs were classified on the basis of race[2] or any other basis calling for heightened scrutiny, i. e., religious affiliation, alienage, illegitimacy, gender or wealth. Nor is public education a fundamental right which would trigger strict scrutiny of claims of denial of equal protection. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 35–40, 93 S.Ct. 1278, 1297–1300, 36 L.Ed.2d 16 (1973). Thus, in reviewing the equal protection claim, the only question, as recognized by all parties, is whether the classification by the governmental entity which is at issue here is rationally related to a permissible governmental end.

Defendants here classified plaintiffs according to their attained reading level. The stated purpose for the classification was to enable the school to provide students with the level of instruction most appropriate to their abilities and needs. The objective was to further the education, the preparation for life of the plaintiffs. The governmental end is a permissible one, and defendants' classification scheme is clearly rationally related to achieving it. Defendants, therefore, have not implicated any constitutional right of plaintiffs by classifying them according to their reading level.

Plaintiffs also claim that defendants or the teachers under their supervision[3] negligently and carelessly failed to ensure that plaintiffs were properly and appropriately taught. What appellants denominate a denial of equal educational opportunity sounds rather in tort as a breach of some duty owed by teachers or school boards to their pupils to give them an education. If there is any such cause of action, it does not rise to the level of a constitutional claim and, therefore, is not cognizable in an action pursuant to 42 U.S.C. § 1983. *Tucker v. Duncan*, 499 F.2d 963, 965 n.1 (4th Cir. 1974) (42 U.S.C. § 1983 is not a federal remedy for ordinary state tort claims).

Decisions by educational authorities which turn on evaluation of the academic performance of a student as it relates to promotion are peculiarly within the expertise of educators and are particularly inappropriate for review in a judicial context. *Board of Curators of University of Missouri v. Horowitz*, 435 U.S. 78, 90–91, 98 S.Ct. 948, 955, 55 L.Ed.2d 124 (1978). ("We decline to further enlarge the judicial presence in the academic community and thereby risk deterioration of many beneficial aspects of the faculty-student relationship.") We, therefore, affirm the district court's dismissal.

AFFIRMED.

---

**2.** "Of the 22 students not promoted to the third grade, 14 (including all 4 plaintiffs) were white, the other 8 black." So appellees have asserted in their Brief. Appellants have not contested the accuracy of the statement.

**3.** An official may not be held liable on a *respondeat superior* theory in suits filed pursuant to 42 U.S.C. § 1983, *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977), unless he actually participates or acquiesces in the subordinate's actions. No defendant has argued this point in the district court or on appeal. We note (without expressing an opinion) the possibility that the school board had no direct involvement in the decisions complained of here and therefore was not a proper defendant.