838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James Edward BROWN, Plaintiff-Appellant,
v.
G. KING, (Watch Comm'dr 7/17/86); R.S. Sanfilippo, Major;
Alan Katz, (Assistant Attorney General); Mary Sue Terry,
(Attorney General) & Predecessor of Office; Edward Murray,
(Director) & Predecessor of Office; W.P. Rogers, (Warden,
PCC); J. Taylor, (Assistant Warden, PCC); Corporal
Wedner, (Corrections Officer PCC); Fred E. Jordan, Jr.,
Regional Administrator); P.V. Brown, (Counselor, PCC);
Richard Blanton, (Attorney, PCC); L.B. Cei,
(Classification Manager, Virginia Department of
Corrections); Jacqueline G. Epps, (Assistant Attorney
General); Robert G. Anderson, (Assistant Attorney General);
C.F. Beorn, Dr.; Mr. Welch, (Medical Administrator,
PCC); Adjustment Committee Chairman, PCC: C. Henderson,
(Nurse Supervisor, PCC); L.B. Bryant, (Nurse Coordinator,
PCC); S. Webster, (Accountant, PCC); Officer Spann,
(Corrections Officer), Defendants-Appellees.
 
 No. 87-7321.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 25, 1987.
Decided: Jan. 22, 1988.
 James Edward Brown, pro se.
 Alan Katz, Office of the Attorney General, for appellees King, Sanfilippo, Katz, Terry, Murray, Rogers, Taylor, Wedner, Jordan, Brown, Blanton, Epps, Anderson, Adjustment Committee Chairman, Webster, and Spann.
 Mary Moffett Hutcheson Priddy, for appellees Beorn, Welch, Henderson, and Bryant.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Edward Brown, a Virginia inmate, has brought this action pursuant to 42 U.S.C. Sec. 1983. In his complaint, Brown asserts four grounds for relief:
 
 
 2
 1. That state Assistant Attorney General Alan Katz conspired with prison officials to deprive Brown of his constitutional rights by filing "frivolous" pleadings in an earlier civil action in which Brown was the plaintiff and Katz represented the defendants;
 
 
 3
 2. That he was denied adequate medical treatment for a skin condition;
 
 3. That he is incarcerated illegally; and
 
 4
 4. That he was denied the right to purchase certain merchandise from outside vendors.
 
 
 5
 The district court dismissed Brown's first claim on the ground that Katz was immune from liability under Sec. 1983. We need not reach the issue of immunity, however, because Brown's allegations fail to state a claim under Sec. 1983. Assuming, arguendo, that all his allegations are true, Brown has failed to show that any of the actions allegedly taken by Katz deprived him of a federally guaranteed right. Brown claims that he was denied access to the courts but his own pleadings show that he pursued his civil action and that it was later dismissed by a court unconnected to the alleged conspiracy. Section 1983 was intended to vindicate only federal rights; it is not applicable to state law torts. Tucker v. Duncan, 499 F.2d 963 (4th Cir.1974). Because Brown was not deprived of a federal right, his claim is not cognizable under Sec. 1983 and was properly dismissed.
 
 
 6
 The district court also properly dismissed Brown's "false imprisonment" claim. Brown has failed to demonstrate he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973). However, since this was not an adjudication on the merits, the dismissal should have been without prejudice. Accordingly, pursuant to 28 U.S.C. Sec. 2106, we modify the judgment to reflect that fact.
 
 
 7
 Regarding Brown's last two claims, we affirm the judgment on the reasoning of the district court. In sum, we affirm the judgment of the district court as to all claims but modify the dismissal of the illegal incarceration claim so that it is without prejudice. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 8
 AFFIRMED AS MODIFIED.