862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PALMER RUSSELL FITZGERALD; LOUISE ROBERTSON FARRAR,
Plaintiffs-Appellants
v.
HARRY V. BONEY, President, Planters Bank & Trust; JUDGE COY
KISER; MRS. MARY BEDWELL; WILLIAM G. WATKINS,
Esq., Defendants-Appellees
 No. 88-3516.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1988.
Decided: Nov. 18, 1988.
 
 Palmer Russell Fitzgerald and Louise Robertson Farrar, appellants pro se.
 Peter D. Menk (Black, Menk, Pysell, Noland & Power), for appellee Boney.
 Peter Robert Messitt (Office of the Attorney General of Virginia), for appellees Kiser and Bedwell.
 Timothy Church Carwile (Allen & Carwile), for appellee Watkins.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Palmer Fitzgerald and Louise Farrar appeal from the district court's dismissal of their 42 U.S.C. Sec. 1983 action. Fitzgerald and Farrar contended that their rights were violated by the defendants in connection with a state garnishment proceeding. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Fitzgerald and Farrar clearly failed to state a federal claim against defendants William Watkins, Planters Bank and Trust Company and Planter's president Harry Boney. The appellants' constitutional rights were not violated when Watkins, an attorney, attempting to satisfy a judgment he had obtained against Fitzgerald on behalf of a client, initiated garnishment proceedings against him. Nor were their rights violated when Planters obeyed the garnishment summons issued by the state court. Accordingly, any cause of action that Fitzgerald or Farrar may have against these defendants lies in the state, not the federal, courts. Tucker v. Duncan, 499 F.2d 963 (4th Cir.1974).
 
 
 3
 The appellants' claim against Judge Kiser is equally without merit. They contended that Judge Kiser erred in failing to quash the garnishment because their bank account contained the proceeds of payments which were exempt from garnishment under federal law. Judge Kiser found that Fitzgerald failed to provide evidence that these funds came from exempt payments. This state court ruling may not be reviewed by either a federal district court or federal court of appeals. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Moreover, both Judge Kiser and court clerk Mary Bedwell are immune from liability for damages under Sec. 1983. Stump v. Sparkman, 435 U.S. 349 (1978); Slotnick v. Staviskey, 560 F.2d 31 (1st Cir.1977), cert. denied, 434 U.S. 1077 (1978). Finally, Fitzgerald's request for an injunction to prevent Judge Kiser from hearing any more of his cases was properly denied because he failed to show an immediate danger of direct injury. City of Los Angeles v. Lyons, 461 U.S. 95 (1983).
 
 
 4
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.