George L. CURRY, Appellant,

v.

Wallace C. RAGAN et al., Appellees.

No. 17095.

United States Court of Appeals
Fifth Circuit.

June 26, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 78.

George L. Curry, pro se.

Joe S. Moss, R. H. Burks, Acting City Atty., Homer T. Bouldin, Sr. Asst. City Atty., Houston, Tex., for appellees.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

With commendable zeal and energy, accompanied by an intelligent oral argument, the appellant, a layman, pro se, prosecutes this appeal from a judgment dismissing his complaint on the double ground, "that the pleadings of plaintiff fail to state a claim upon which relief may be granted, and that there is a want of federal jurisdiction," and from a further judgment denying his motion to reconsider and reinstate the case.

The complaint and amendments thereto and further pleadings, apparently by way of replication, are extremely lengthy, comprising more than sixty typed legal-sized pages. They have received our careful consideration. They allege many causes of action cognizable in the State Courts of Texas, such as false arrest, false imprisonment, trespass, malicious prosecution, and tortious negligence. They contain many conclusions, and the facts alleged are qualified by many adjectives. We do not, however, find any plain statement showing that the federal district court had jurisdiction, nor any "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.

For the federal jurisdiction claimed, the appellant relies upon Article III, Sec. 2, Paragraph 1 of the Constitution of the United States, upon the Fourteenth Amendment, Sec. 1, upon Title 28 U.S. Code, § 1343, and upon Title 42 U.S.C.A. §§ 1981, 1982, 1983, and 1985. He sues a Justice of the Peace of a precinct in Harris County, Texas, the surety on the

Justice's official bond, the Justice's "Chief Civil Clerk," and his "Night Criminal Clerk," three police officers of the City of Houston, and that municipal corporation. He alleges that the Justice of Peace "set the chain of events in motion" by the rendition of a judgment against him in a "Kangaroo Court Trial" on what he describes as a groundless "Forcible Entry and Detainer Complaint." Among his statement of points, his Ninth Point comes near to recognizing the fallacy of his claim of federal jurisdiction:

> "The Court erred in dismissing Plaintiff's case on the aforesaid grounds, against Defendant Wallace C. Ragan. For the principle of law has long ago been established in the case of Bradley v. Fisher, 13 Wallace 335, and followed many times since, for the Supreme Court said: 'Judges of Courts of Superior or General Jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. A distinction must be here observed between Excess of Jurisdiction and the Clear Absence of all Jurisdiction over the subject matter.
>
> " 'When there is clearly no Jurisdiction over the subject matter, any authority exercised is an Usurped Authority, when the want of Jurisdiction is known to the judge, No Excuse Is Permissible.' " (Sic.)

Appellant's trouble is that no *facts* are alleged to show any such clear excess of jurisdiction. Texas Statutes do vest in Justices of the Peace jurisdiction of forcible entry and detainer actions, Articles 2385 and 3973, Vernon's Annotated Texas Civil Statutes. So far as we can tell, the conduct of the clerks and of the police officers complained of were done for the purpose of enforcing the judgment in such an action and of dispossessing the appellant.

Neither the Fourteenth Amendment nor the Civil Rights Acts purport to secure a person against unfounded or even malicious claims or suits in state courts, especially so when the laws and courts of the state are available and furnish adequate remedies to a person aggrieved.

While we sympathize with the appellant's obvious sincerity, if he has any remedy for the matters complained of, that remedy does not lie within the jurisdiction of the federal courts. The judgment is therefore

Affirmed.