John PASKALY, Plaintiff-Appellant,

v.

Bryan P. SEALE, Defendant-Appellee.

No. 73-1682.

United States Court of Appeals, Ninth Circuit.

Nov. 20, 1974.

**1210**

K. Lambert Kirk (argued), San Francisco, Cal., for plaintiff-appellant.

Leonard M. Sperry, Jr., Deputy Atty. Gen. (argued), San Francisco, Cal., for defendant-appellee.

Before HAMLEY, BROWNING and WALLACE, Circuit Judges.

## OPINION

HAMLEY, Circuit Judge:

John Paskaly, plaintiff in this civil rights damage action under 42 U.S.C. § 1983, appeals from a summary judgment in favor of defendant Bryan P. Seale. We affirm.

Seale is a deputy labor commissioner attached to the Division of Labor Law Enforcement, Department of Industrial Relations, State of California (Division). One of Seale's official functions is to investigate wage claims and to take appropriate action. He received a wage claim from an employee in the amount of eight hundred and thirty dollars against Paskaly for services allegedly rendered as an electrician and carpenter.

Pursuant to this claim, Seale sent Paskaly the Division's demand in February, 1969, for eight hundred and thirty dollars in wages. Such demands are not enforceable except by means of a subsequent civil court action. Paskaly refused the demand whereupon Seale sent Paskaly the Division's order to appear at a hearing on March 5, 1969. This was not a subpoena and Paskaly was not obliged to obey it.[1] Seale conducted the hearing, received certain evidence, and thereafter ordered Paskaly to pay the wage claim plus penalties in the amount of five hundred thirty-three dollars and thirty-three cents. As in the case of Seale's original order, this order could be enforced only in a civil court action.

Paskaly refused to comply with this order whereupon Seale referred the matter to the Division's legal section for ac-

---

1. Section 92 of the California Labor Code authorizes the labor commissioner and his deputies to conduct such hearings. This provision also bestows the power to issue subpoenas on the commissioner, but in this case no subpoena was issued.

tion. The supervisor of the legal section assigned counsel to the case. The employee assigned his wage claim to the Division and, pursuant to section 210 of the California Labor Code, the Division instituted a civil suit against Paskaly in the Municipal Court for the City and County of San Francisco. The civil suit came on for trial on February 9, 1971, and resulted in a judgment for Paskaly, entered on April 23, 1971.

Paskaly commenced this civil rights action against Seale on September 26, 1972, seeking damages in the sum of five hundred and fifty thousand dollars for assertedly depriving plaintiff of due process of law. In his complaint, Paskaly alleged that: (1) when Seale processed the wage claim he knew or should have known that the employee who had made the wage claim had been an institutionalized alcoholic; (2) Seale knew or should have known that the wage claim was false; (3) Seale knew of the attempts the employee's divorced wife had made to blackmail Paskaly; (4) Seale sent the notice to Paskaly to appear at the March 6, 1969, hearing for the purpose of frightening, intimidating, and coercing Paskaly; (5) at that hearing Seale, who presided, was "arrogant, insolent, uncivil and insulting," and refused to consider a statement of Ray Chadley, offered by Paskaly; (6) Seale's order entered as a result of this hearing, directing Paskaly to pay the wage claim and penalties, was entered in an effort to coerce Paskaly; (7) the penalties imposed by Seale were unlawfully assessed; and (8) Seale attended the trial and sat at the Division's counsel table.[2]

Seale moved to dismiss the complaint under Rules 8(a) and 12(b)(6), F.R. Civ.P. and, in the alternative, moved for summary judgment under Rule 56, F.R. Civ.P. To support these motions, an affidavit by Seale and a legal memorandum were also submitted to the court. The memorandum indicated that the motion for summary judgment was made on the dual grounds that Seale was protected from liability under the doctrine of quasi-judicial immunity and the action was barred by the statute of limitations.

The district court granted the motion for summary judgment on both of the grounds urged by Seale.[3]

In view of the motion for summary judgment we take, as true, all of the facts and allegations stated above, except those contrary to Seale's affidavit. *See* note 2, *supra.*

In our opinion, the undisputed facts do not establish a civil rights claim under 42 U.S.C. § 1983 or any other provision of the Civil Rights Act.[4]

The Due Process Clause of the Fourteenth Amendment, which Paskaly invokes, forbids the states from depriving any person of life, liberty or property, without due process of law. Paskaly asserts that, acting under color of state law, Seale deprived him of liberty and property without due process of law.

First, with regard to the administrative processing of the wage claim, Paskaly was subjected to insulting and arrogant treatment. Moreover, Seale, as presiding officer, failed to permit Paskaly to introduce evidence or otherwise make an effective defense, and decided

---

2. In his complaint Paskaly also alleged that Seale maliciously caused the attorneys of the "Department of Labor Law Enforcement" to file the civil lawsuit against Paskaly and, in bringing the suit Seale used and aided the "Department's" Los Angeles attorneys. However, these allegations are contrary to the recitals in the affidavit of Seale, filed in support of the motion for summary judgment, and Paskaly filed no countering affidavit.

3. The district court also held that the complaint is scurrilous and scandalous, in violation of Rule 11, F.R.Civ.P., and for that reason should be stricken.

4. While the district court did not grant the summary judgment on this ground, we are free to affirm on any ground supported by the record, provided the parties have had the opportunity to discuss it in their briefs in this court. That is the case here.

against Paskaly although he knew the wage claim was false. This conduct would constitute a denial of due process of law, if either Paskaly's liberty or property were at stake in the administrative proceedings. Board of Regents of State Colleges v. Roth,. 408 U.S. 564, 573, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

It is obvious that Paskaly's property interest in retaining the amount of the wage claim and penalties was not in jeopardy in the administrative proceedings, because no binding administrative order could be, or was, entered. Moreover, Paskaly was never deprived of that property interest because he ultimately prevailed in the civil suit. As stated in Mitchell v. W. T. Grant Company, 416 U.S. 600, 611, 94 S.Ct. 1895, 1902, 40 L. Ed.2d 406 (1974):

> " '[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate.' Phillips v. Commissioner, 283 U.S. 589, 596–597, 51 S.Ct. 608, 75 L.Ed.2d 1289. . . ."

■ A possible property interest of Paskaly's which was at stake in the administrative proceedings was the expense he may have incurred in time and money in defending himself in those proceedings. But the Due Process Clause does not take cognizance of expenditures of this kind as a property interest. No one has a legitimate claim to be free from the expense of defending himself in an administrative proceeding, however outrageously it may be conducted, where it can lead to no binding order. *Cf.* Board of Regents of State Colleges v. Roth, *supra,* 408 U.S. at 577, 92 S.Ct. 2701.

■■ Turning from property interest to liberty, which is also protected by the Due Process Clause, we start with the proposition that this Clause denotes not merely freedom from bodily restraint, but also many peripheral benefits, such as freedom from serious dam-

age to one's standing and associations in the community. Board of Regents of State Colleges v. Roth, *supra* at 571, 573, 92 S.Ct. 2701. But whatever temporary grievance of this kind Paskaly may have suffered during the administrative proceedings was fully vindicated in the civil suit in which he prevailed.

■ With regard to the civil action, Paskaly can have no due process complaint about the outcome, either from the aspect of property interest or liberty, because he prevailed, and for the same reason, he can have no complaint about the procedures used in the civil action. Moreover, under the facts established by Seale's affidavit, Seale is not responsible for the bringing of the civil action or for any proceedings had therein.

■ It is true that the expense incurred by Paskaly in defending himself against the civil suit possibly constitutes a property interest. It is also true that Seale's recommendation to sue, although not binding upon the Division's attorneys, was probably a major contributing factor in the decision to file the civil action. But since Seale's part in the bringing of the action was recommendatory only, it cannot be said that he deprived Paskaly of this property interest. *See* note 2, *supra.* Administrative officers who make such non-binding recommendations do not do so at the risk of incurring damage liability if the suit turns out to be unfounded.

■■ Paskaly likens the proceedings to which he was subjected to the tort of malicious prosecution. Malicious prosecution, however, is a concept applicable only in criminal proceedings. *See* Nesmith v. Alford, 318 F.2d 110, 121 (5th Cir. 1963). Moreover, the tort of malicious prosecution, without more, does not constitute a civil rights violation. Martin v. King, 417 F.2d 458, 462 (10th Cir. 1969); Curry v. Ragan, 257 F.2d 449, 450 (5th Cir. 1958); Lyons v. Baker, 180 F.2d 893 (5th Cir. 1950). In addition, under the facts, Seale is not re-

sponsible for the bringing of the civil action. *See* note 2, *supra.*

Absent some showing of a violation of the Equal Protection Clause, or the impairment of some other specific constitutional safeguard, grievances of this nature are not covered by the sanctions of the Civil Rights Acts. *See* Curry v. Ragan, 257 F.2d 449, 450 (5th Cir. 1958).

We do not reach the questions of quasi-judicial immunity and the running of the statute of limitations.

Affirmed.