Gaston **BOUQUETT**, Plaintiff,

v.

**R.H. CLEMMER**, et al., Defendants.

No. C–3–82–146.

United States District Court,
S.D. Ohio, W.D.

July 10, 1985.

Richard Austin, Atty. at Law, Dayton, Ohio, for plaintiff.

Gene W. Holliker, Asst. Atty. Gen., Columbus, Ohio, for defendants Johnson, Young, State Bd. of Pharmacy and State Medical Bd.

Robert A. Burke, Atty. at Law, Dayton, Ohio, for defendants Clemmer, Gentry, Reynolds and City of Dayton.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTIONS TO DISMISS; INDIVIDUAL DEFEND-ANTS TO FILE ANSWERS WITHIN STATED PERIOD OF TIME

RICE, District Judge.

This is a civil rights action in which the Plaintiff seeks redress for the alleged malicious prosecution he suffered at the hands of Defendants. The Plaintiff in this case is a black ophthalmologist. There are eight Defendants herein: R.H. Clemmer, Charles E. Gentry and Robert Reynolds, former members of the Organized Crime Unit of the City of Dayton Police Department; the City of Dayton; two agencies of the State of Ohio, the State Board of Pharmacy and the State Medical Board ("state agencies"); and two investigators of the state agencies, David G. Johnson and Charles F. Young. This cause is now before the Court on the Defendants' Motions to Dismiss. *See* Docs. # 3, # 4. Because the motions to dismiss raise common issues, the Court will discuss them together.

Initially, the state agencies argue that the Eleventh Amendment prohibits im-

position of liability upon them. The Court agrees. The Court agrees. The Eleventh Amendment applies to state agencies as well as to the state. *Hall v. Medical College of Ohio,* 742 F.2d 299 (6th Cir.1984). Without question, the State Board of Pharmacy and the State Medical Board are agencies of the State of Ohio, as opposed to political subdivisions. *See* Ohio Rev.Code § 4729.01 *et seq.;* § 4731.01 *et seq.* As such, the Eleventh Amendment is an absolute bar to the imposition of liability upon the state agencies. *See, e.g., Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

 Plaintiff does not seriously argue otherwise. However, Plaintiff asserts that because he has requested the Court to award "such other and further relief as may be just and proper," this case comes within the exception to the Eleventh Amendment for cases seeking prospective injunctive relief. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Court does not agree. Initially, the Court does not accept Plaintiff's basic premise that the above quoted language, along with the remainder of Plaintiff's complaint, is sufficient to state a claim for prospective injunctive relief against either of the state agencies. However, even assuming *arguendo* that Plaintiff has stated a claim for prospective injunctive relief, there would not be a *present* case or controversy between the Plaintiff and the state agencies sufficient to invoke the Court's exercise of its subject matter jurisdiction. Therefore, the Court could not grant injunctive relief. Generally, past exposure to unlawful or unconstitutional behavior by the police does not give a person standing to request prospective injunctive relief to enjoin the behavior complained of absent a showing that he or she is likely to be exposed to similar unconstitutional behavior in the future. *See, e.g., City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675

(1983). Therefore, there would be no case or controversy, sufficient to support a claim for injunctive relief.

The Court concludes that the Eleventh Amendment is an absolute bar to Plaintiff's claims against the state agencies. Accordingly, Plaintiff does not have a viable claim for injunctive relief against the state agencies, and it follows that the state agencies cannot be liable for attorney's fees. The Court hereby orders the State Board of Pharmacy and the State Medical Board dismissed as Defendants to this action.

 The City of Dayton argues that Plaintiff's claims against it are barred by *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1] In his complaint, Plaintiff alleges:

> The City of Dayton, the State of Ohio Medical Board and the State of Ohio Board of Pharmacy are vicariously libel for the wilfull, malicious and negligent action of its employees, Defendants Clemmer, Gentry, Reynolds, Johnson and Young, and were negligent in the manner in which they trained and supervised the said individual Defendants in the performance of their official duties.

Doc. # 1 at ¶ 8. Without question, *Monell* prevents the Plaintiff from attempting to hold the City of Dayton vicariously liable, under a *respondeat superior* theory, for his claim arising under 42 U.S.C. § 1983. Additionally, Courts have extended *Monell* to claims arising under 42 U.S.C. § 1985(3). *See, e.g., Bell v. City of Milwaukee,* 536 F.Supp. 462 (E.D.Wisc.1982), *modified,* 746 F.2d 1205 (7th Cir.1984); *Vasquez v. City of Reno,* 461 F.Supp. 1098 (D.Nev.1978). However, a municipality may be vicariously liable under 42 U.S.C. § 1981. *Leonard v. City of Frankfort Electric and Water Plant Board,* 752 F.2d 189, 194 n. 9 (6th Cir.1984). Additionally, the Sixth Circuit has consistently held that a municipality or other governmental employer may be held

---

1. The state agencies raised similar arguments. However, because the Court has concluded that the Eleventh Amendment precludes imposing liability on these Defendants, it is not necessary to consider their arguments in this regard.

liable for the negligent training and supervision of its employees. *Ryman v. Davis,* 754 F.2d 158 (6th Cir.1985); *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir.1982), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1983).

Therefore, this Court concludes that the Plaintiff's claims, under §§ 1983 and 1985, in which Plaintiff seeks to impose vicarious liability upon the City of Dayton, must be dismissed. Otherwise, Plaintiff's allegations against the City of Dayton state claims for relief.

■ All remaining Defendants move to dismiss Plaintiff's claims under §§ 1981, 1983 and 1985.[2] The Court will discuss these arguments in order.

### (1) *42 U.S.C. § 1981*

In asserting that Plaintiff's § 1981 claim must be dismissed, the Defendants raise two arguments. First, it is argued that Plaintiff's complaint is fatally deficient because it does not contain an allegation that he was subjected to the actions complained of because of his race. Second, it is argued that Plaintiff's underlying claim, for malicious prosecution, is not actionable under § 1981.

■ As to the first argument, the Court agrees with Defendants that allegations and proof of racial discrimination are necessary to recovery under § 1981. However, the Court cannot concur with Defendants' assertion that Plaintiff's complaint fails to allege that he is the victim of racial discrimination. Recently, the Sixth Circuit

restated the standard governing the dismissal of civil rights actions:

> In civil rights actions, pleadings are to be liberally construed and a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Fitzke v. Shappell,* 468 F.2d 1072 (6th Cir.1972).

*Leonard,* 752 F.2d at 193. In the present case, Plaintiff alleges that he is of African descent and that by the initiation of the malicious, criminal prosecution of him, the Defendants denied him equal protection of laws because of his race or color. While the allegations in Plaintiff's complaint are "bare-bones" to say the least, they are sufficient to meet the standard set forth in *Leonard.*

■ The second contention of the Defendants raises a much more perplexing question. Defendants contend that malicious prosecution is not proscribed by § 1981 even if the prosecution is initiated with a racially discriminatory intent.

Section 1981, unlike §§ 1983 and 1985, is substantive rather than remedial. Section 1981 provides that all persons within the United States shall have the same right in every state to make and enforce contracts, to sue, to be parties, to give evidence and "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."[3]

---

**2.** Plaintiff also asserts violations of the Fifth and Fourteenth Amendments. The Defendants also move to dismiss these claims. It is not entirely clear whether Plaintiff is alleging a *Bivens*-type action [*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] based on violations of the Fifth and Fourteenth Amendments, or whether these are merely the alleged predicate constitutional violations for Plaintiff's § 1983 claim. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). For reasons that follow, this Court is constrained to assume the latter. First, the Fifth Amendment applies only to the federal government. Second, courts have generally concluded that following *Monell,* all actions against government officials for consti-

tutional deprivations must be brought under § 1983. *See Harris v. City of Canton,* 725 F.2d 371, 374 n. 3 (6th Cir.1984). Therefore, the Court will treat Plaintiff's assertions of constitutional deprivations as the predicate allegations for his § 1983 claim.

**3.** Section 1981 provides:

Equal Rights Under the Law
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and

The Court does not read § 1981 as narrowly as do the Defendants. Courts have looked to the final two clauses of § 1981—the "equal benefit" and "like punishment" clauses—and concluded that various types of racially motivated police misconduct is actionable under § 1981. *Mahone v. Waddle*, 564 F.2d 1018 (3rd Cir.1977), *cert. denied*, 438 U.S. 904, 98 S.Ct. 3122, 57 L.Ed.2d 1147 (1978); *Spriggs v. City of Chicago*, 523 F.Supp. 138 (N.D.Ill.1981); *Jones v. City of Philadelphia*, 491 F.Supp. 284 (E.D.Pa.1980); *Raffety v. Prince George's County*, 423 F.Supp. 1045 (D.Md. 1976). Likewise, this Court concludes that Plaintiff's claim that he was subjected to a racially motivated, malicious prosecution is actionable under § 1981.

### (2) *42 U.S.C. § 1983*

■ The Defendants move to dismiss Plaintiff's claim under § 1983 arguing that he does not allege the deprivation of a constitutional right. In particular, Defendants assert that Plaintiff's claim for malicious prosecution, without more, does not state a claim for relief under § 1983. This Court agrees. Courts have generally held, that with certain exceptions, a valid § 1983 action is not made out simply by alleging that the state tort of malicious prosecution was committed by a person acting under color of law. *See, e.g., Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir.1981); *Bell v. Brennan*, 570 F.Supp. 1116, 1118 (E.D. Pa.1983). *Cf. Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). (Every common law tort of false imprisonment committed by a person acting under color of state law does not give rise to a violation of § 1983). However, the Court does not read Plaintiffs' Complaint as narrowly as do Defendants. It is the *excep-* tions to this general rule which are of paramount importance in this case. In *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir.1981), the court explained:

> The general rule is that malicious prosecution does not constitute a deprivation of life, liberty or property without due process of law and, therefore, is not cognizable under 42 U.S.C. § 1983. *Paskaly v. Seale*, 506 F.2d 1209 (9th Cir.1974). However, an exception to this rule exists for malicious prosecution conducted with the intent of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights. *Norton v. Liddel*, 620 F.2d 1375 (10th Cir.1980); *Beker Phosphate Corporation v. Muirhead*, 581 F.2d 1187 (5th Cir.1978).

*See also, Dunn v. State of Tenn.*, 697 F.2d 121 (6th Cir.1982) (Allegation of malicious prosecution coupled with assertion that plaintiff suffered violation of his Fourth Amendment rights states a claim for relief under § 1983.)

■ Herein, the Plaintiff alleges that he was the victim of a malicious prosecution and that he suffered a deprivation of his right to the equal protection of the laws because of his race. Therefore, the Court concludes that Plaintiff has stated a viable claim for relief under § 1983 for malicious prosecution, to the extent that he asserts that the prosecution was maliciously initiated by Defendants because of his race.[4] To the extent that Plaintiff merely alleges that his prosecution resulted in a deprivation of due process, the Court agrees with Defendants that Plaintiff does not state a claim under § 1983 because such a claim is nothing more than an assertion of the common law tort committed by persons acting

---

shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**4.** The Court rejects Defendants' argument that because Plaintiff alleges that he was indicted, he cannot maintain an action for malicious prosecution. Defendants contend that the indictment returned against Plaintiff means that as a matter of law, they had probable cause to prosecute him. Thus, an essential element of Plaintiff's claim, that the prosecution was undertaken without probable cause, cannot be established. The fatal flaw in this argument is that the cases cited by Defendants do not support the proposition that an indictment establishes probable cause as a matter of law. Rather, these cases hold that an indictment is *prime facie* evidence of probable cause. *See, e.g., Hruska v. Severance Specialty, Inc.*, 498 F.2d 796 (6th Cir.1974).

under color of law. *See, e.g., Cline v. Brussett.*

### (3) *42 U.S.C. § 1985(3)*

The Defendants also argue that Plaintiff has not stated a claim for relief under § 1985(3). The only argument which the Court deems necessary to address is the Defendants' contention that the Plaintiff does not allege that he was the victim of racial discrimination. This assertion is meritless. The thrust of Plaintiff's complaint is that he was maliciously prosecuted because of his race. This is a sufficient allegation of racial discrimination.

In summary, the Court has sustained in part and overruled in part the motions to dismiss, in the following manner:

1. The *motions are sustained* to the extent that:

 a) the state agencies have been ordered dismissed;

 b) the claims against the City of Dayton based upon vicarious liability and arising under §§ 1983 and 1985 have been dismissed;

 c) the Court has concluded that Plaintiff may not maintain a § 1983 action against any Defendants for malicious prosecution merely because the prosecution results in a deprivation of due process. However, Plaintiff has stated a viable claim for relief under § 1983 for malicious prosecution, to the extent that he asserts that the prosecution was maliciously initiated by Defendants because of his race.

2. Otherwise, the Court has overruled the motions to dismiss.

As a result of the foregoing, the following Defendants remain with respect to the following claims for relief:

 a) Clemmer, Gentry, Reynolds, Johnson and Young remain as Defendants to Plaintiff's claims under §§ 1981 and 1985 and Plaintiff's claim under § 1983, except to the extent Plaintiff asserts a claim for malicious prosecution based solely upon a deprivation of due process;

 b) the City of Dayton remains a Defendant to Plaintiff's § 1981 claim and to Plaintiff's § 1985 claim, except that it cannot be held vicariously liable under a *respondeat superior* theory.

 c) the City of Dayton remains a Defendant to Plaintiff's § 1983 claim, alleging negligent training and supervision of the individual Defendants under their supervision and control. However, the City of Dayton cannot be held vicariously liable under a *respondeat superior* theory and it cannot be held liable for Plaintiff's allegations in his § 1983 claim for malicious prosecution based solely on a deprivation of due process.

Clemmer, Gentry, Reynolds, Johnson, Young and the City of Dayton are directed to file their answers within 15 days of the entry of this Decision.