An order will be entered in accordance with this Memorandum.

**Michael H. FERRY, Plaintiff,**

v.

**D. BERGBIGLER, Defendant.**

**Civ. A. No. 84–1451.**

United States District Court,
W.D. Pennsylvania.

Aug. 26, 1985.

Michael Ferry, Butler, Pa., for plaintiff.

Jean O. Davin, Deputy Atty. Gen., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This civil rights action was filed *in forma pauperis* against defendant Bergbigler,[1] a Pennsylvania State Trooper, alleging a violation under 42 U.S.C. § 1983. Defendant has moved to dismiss the action

---

1. Defendant spells his last name Birckbichler in his brief.

pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant has filed a brief in support of this motion. Plaintiff has responded *pro se* with a brief in opposition to defendant's motion to dismiss.

## THE COMPLAINT

Plaintiff's complaint alleges the following factual scenario. On May 9, 1984, plaintiff saw a manual lawn mower sitting near some rubbish at the curbside. Since it was raining and no one was using the lawn mower, plaintiff assumed that it was intended to be hauled away. He therefore placed the mower in the trunk of his car and drove away. Later in the day, he and the driver of the car, Marsha Tillander, were stopped at the Clearview Mall in Butler, PA by Trooper Bergbigler, ordered not to move, and accused of stealing the lawn mower. Trooper Bergbigler attempted to have a passerby phone for more state police. Plaintiff attempted an explanation of events and offered the lawn mower to Trooper Bergbigler. When Officer Hunter arrived a few moments later, Trooper Bergbigler talked with Hunter, then retrieved the lawn mower and drove away. Officer Hunter indicated to plaintiff that defendant had accused him of stealing. Plaintiff explained what happened to Officer Hunter. No arrest followed and plaintiff was free to leave. A few weeks later, on June 4, 1984, Trooper Bergbigler accused plaintiff of driving while his license was under suspension on May 9, 1984, the date of the incident. Plaintiff says that the charges are false,[2] and alleges that defendant has begun personal harassment of the plaintiff by filing this charge. Plaintiff seeks a restraining order prohibiting defendant from any further harassment as well as damages in excess of $10,000.

Plaintiff indicates that he has suffered mental anguish and interference with his freedom of movement, peace of mind, privacy and reputation.

## SECTION 1983 CLAIM

Since 42 U.S.C. § 1983 does not itself contain any substantive provisions, but provides a cause of action against certain violations of federal constitutional rights, we must examine the facts alleged to determine whether any federally protected right of plaintiff has been violated.

Defendant argues that plaintiff suffered no deprivation of any constitutionally protected right. Defendant indicates that the language of the complaint potentially alleges common law tort claims of defamation, false arrest, false imprisonment, and/or malicious prosecution. Defendant points out that plaintiff cannot utilize 42 U.S.C. § 1983 as a mechanism for raising non-constitutional tort claims.

■■■ We would agree with defendant's latter statement. Federal courts must perform a careful screening of actions against state officials where state law provides the substantive right and must dismiss those that should properly be heard in state court. 42 U.S.C. § 1983 was designed to enforce due process and equal protection rights afforded under the Fourteenth Amendment from deprivations "under color of state law." We believe that the only claims which would potentially state a Section 1983 cause of action in this case are those for false arrest or false imprisonment.[3] However, assuming that there was an intentional deprivation of plaintiff's physical liberty, (when plaintiff was told during the original incident not to move after Trooper Bergbigler stopped plaintiff's car at the mall) there was no use or threat

---

2. Plaintiff provides evidentiary material attached to his brief to show that he was found not guilty of the charge as of August 17, 1984.

3. Malicious prosecution does not provide a basis for a Section 1983 civil rights action. *Brainerd v. Potratz*, 421 F.Supp. 836, 840 (N.D.Ill.1976); *see also Rosales v. Lewis*, 454 F.Supp. 956, 960 (S.D.Iowa 1978); *Paskaly v. Seale*, 506 F.2d 1209, 1212 (9th Cir.1974); *Curry v. Ragan*, 257 F.2d 449, 450 (5th Cir.1958), *cert. denied* 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958). Defamation, standing alone, does not invoke constitutional protections. *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976).

of force; [4] no official arrest was made; nor was plaintiff taken into custody. We doubt that these facts describe the deprivation of any constitutionally protected right.

Furthermore even if a deprivation does exist, we believe that state court tort action will provide plaintiff with adequate due process protections. *See Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). We, therefore grant defendant's motion to dismiss plaintiff's action.

An appropriate order will issue.

---

**4.** Trooper Bergbigler was off duty at the time and was not said to be carrying or using a gun.