**James Riley CORNETT, Jr.**

v.

**W.K. LONGOIS, et al.**

**Civ. A. No. 1:93cv361.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 8, 1994.

James Riley Cornett, Jr., pro se.

## MEMORANDUM OPINION

HINES, United States Magistrate Judge.

Plaintiff James Riley Cornett, an inmate confined in the Federal Correctional Institution in Oakdale, Louisiana, proceeding *pro se* and *in forma pauperis* brings this civil rights action pursuant to 42 U.S.C. § 1983 against W.K. Longois, Captain Marvin Helms, Donald MacDonald and K.C. Breashers, all employees of the Orange Police Department in Orange, Texas.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The parties consented to disposition of this action before the magistrate judge.

### Factual Allegations

On July 30, 1991, Officer Longois and Captain Helms, of the Orange Police Department, responded to a call concerning a child in possession of a pornographic tape. The officers interviewed a child, Gloria Turner at # 6 Sunset Circle in Orange, Texas. After interviewing the child, the officers arrested plaintiff.

On September 16, 1991, a search warrant was secured by Officer MacDonald upon plaintiff's home, located at No. 2 Sunset Cir-

cle in Orange. The search was conducted on September 18, 1991. As a result of the search, plaintiff was arrested by Officer Breashers. Plaintiff alleges Officer Breashers hit him in the right side of his face with his service revolver causing a bruise to his face.

As a result of the investigation and search of plaintiff's home, a Federal Grand Jury indicted plaintiff for possession of child pornography, in violation of 18 U.S.C. § 2252, and unlawful interception of satellite communications, in violation of 18 U.S.C. § 2511(1)(a). *United States v. James Cornett,* 1:91CR118(01). Plaintiff went to trial on the charges. During the trial, plaintiff's counsel filed a motion to suppress the search warrant and the resulting evidence obtained from the search. The Honorable Joe J. Fisher, District Judge, heard testimony upon the motion to suppress and denied the motion. Plaintiff was convicted on both counts in the indictment. Plaintiff did not appeal the conviction.

The Government filed a forfeiture action in June of 1992 upon plaintiff's home pursuant to 18 U.S.C. § 2254. *United States v. Sunset Circle Land,* 1:92cv218. Final Judgment was entered by Judge Fisher for the Government on August 20, 1992. Plaintiff appealed the forfeiture to the Fifth Circuit Court of Appeals. On June 2, 1993, the Fifth Circuit affirmed the judgment of the district court in an unpublished opinion. *United States v. Sunset Circle Land,* 995 F.2d 221 (5th Cir. 1993).

Plaintiff brought the current civil rights action alleging he was subject to malicious prosecution and an illegal search and seizure on the part of the defendants.

### The Defendants' Motion to Dismiss

The defendants were ordered to answer the complaint. The defendants have submitted a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) in conjunction with their answer to the complaint.

The defendants assert plaintiff is collaterally estopped from bringing the claim concerning the search of his house. Additionally, the defendants assert the claim of malicious prosecution is a claim that should properly be exhausted in a motion to vacate pursuant to 28 U.S.C. § 2255. Lastly, the defendants claim they are entitled to qualified immunity from suit.

### Analysis

Plaintiff's claim asserts two constitutional violations. Plaintiff's first claim alleges he has been subject to malicious prosecution by the defendants. Plaintiff's second claim alleges an unlawful search (the search of the house and the corresponding search warrant) and an unlawful seizure (the excessive force allegedly applied by Officer Breashers).

### A. Malicious Prosecution

#### 1. LEGAL STANDARD

█ Malicious prosecution, which leads to pretrial confinement, is an allegation that is measured against the Fourth Amendment's protection against unlawful searches and seizures. *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The Fifth Circuit currently recognizes actions for malicious prosecution pursuant to section 1983. *See Sanders v. English,* 950 F.2d 1152 (5th Cir.1992). This is a departure from previous thinking on the part of the Fifth Circuit. *See Cook v. Houston Post,* 616 F.2d 791, 794 (5th Cir.1980); *Curry v. Ragan,* 257 F.2d 449 (5th Cir.) *cert. denied,* 358 U.S. 851, 79 S.Ct. 78, 3 L.Ed.2d 85 (1958). Other Circuits are split on the viability of malicious prosecution as a claim of a constitutional deprivation.[1]

█ The Fifth Circuit has designed an analysis that is to be used in the judgment of malicious prosecution allegations. First, bad

---

1. The Second, Fourth, and Ninth Circuits have recognized malicious prosecution as a constitutional tort. *Singleton v. City of New York,* 632 F.2d 185 (2nd Cir.1980), *cert denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Morrison v. Jones,* 551 F.2d 939 (4th Cir.1977); *Bretz v. Kelman,* 773 F.2d 1026 (9th Cir.1985).

The First and Tenth Circuits have rejected claims of malicious prosecution in section 1983

actions. *See Cloutier v. Town of Epping,* 714 F.2d 1184 (1st Cir.1983); *Martin v. King,* 417 F.2d 458 (10th Cir.1969).

The Supreme Court was offered the opportunity to resolve this conflict of whether malicious prosecution is a constitutional tort, but failed to do so. *Cerborne v. Conway,* 479 U.S. 84, 107 S.Ct. 390, 93 L.Ed.2d 325 (1986).

faith prosecution violates constitutional rights. *Dombrowski v. Pfister,* 380 U.S. 479, 490, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22 (1965). Second, the burden of proof is upon the plaintiff to prove by a preponderance of the evidence the existence of a prima facie case of malicious prosecution, and if this burden is met the burden shifts to the defendant to show the actions were not the product of improper motivation. *Shaw v. Garrison,* 467 F.2d 113 (5th Cir.), *cert. denied,* 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972). Third, state actors other than prosecutors may be liable for damages for bad faith prosecution, if they join in malicious prosecution by prosecutors, or if their malice results in an improperly motivated prosecution without probable cause. *Wheeler v. Cosden Oil and Chemical Co.,* 734 F.2d 254 (5th Cir.), *modified on reh'g on other grounds,* 744 F.2d 1131, 1133 (5th Cir.1984). Finally, simply obtaining an indictment is not enough to insulate state actors from an action for malicious prosecution under section 1983. The probable cause for the indictment must not be tainted by malicious actions. *Hand v. Gary,* 838 F.2d 1420, 1426 (5th Cir.1988).

■ In the current case, if Officer MacDonald had furnished information to the prosecutor, knowing it was false, this could be the basis of a claim for malicious prosecution under section 1983. *Thomas v. Kippermann,* 846 F.2d 1009 (5th Cir.1988). However, the Fifth Circuit has formulated a clear exception to a claim alleging malicious prosecution. "If the facts supporting an arrest are put before an intermediary such as a magistrate or a grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party." *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.1982).

## 2. DEFENDANTS' CLAIM

The defendants assert this claim should be dismissed without prejudice to allow plaintiff to exhaust collateral remedies on the criminal conviction.

■ Plaintiff is seeking both injunctive and monetary damages. When a prisoner challenges the fact or duration of his confinement and seeks immediate release, the claim is within the "core of habeas corpus," which is thus the exclusive remedy. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973). Such a claim may not be litigated in a federal court § 1983 action because Congress intended that the "specific" federal habeas corpus statute would control over the more "general" § 1983 remedy, and become the "exclusive" federal remedy. *Id.* 411 U.S. at 490, 93 S.Ct. at 1836–37. Thus, any claim for injunctive relief is properly dismissed from this action in order that plaintiff may pursue his claim in a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

■ In order to recover monetary damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a suit brought as a civil rights action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action under Section 1983.[2] The principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to Section 1983 actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. *Id.* —— U.S. at ——, 114 S.Ct. at 2372.

■ As a result, when a state prisoner seeks damages in a Section 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been in-

---

**2.** Likewise, in *Bivens* actions, a claim for money damages resulting from a conviction or confinement does not state a cause of action. *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994).

validated. *Id.* Even a prisoner who has fully exhausted available state remedies has no cause of action under Section 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Id.* — U.S. at ——, 114 S.Ct. at 2373. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id.* — U.S. at ————, 114 S.Ct. at 2372–73.

▮ If a court determines that an action brought under Section 1983 must be dismissed because a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence that has not been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus, it is not necessary to toll the statute of limitations on the plaintiff's claim while state challenges to the conviction or sentence are being exhausted. *Id.* — U.S. at ———, 114 S.Ct. at 2373–74.

▮ Tolling the statute of limitations is unnecessary because a Section 1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. *Id.* — U.S. at ——, 114 S.Ct. at 2374. A dismissal of an *in forma pauperis* action under the guidance of *Heck* is a dismissal with prejudice as frivolous. *Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994). Thus, plaintiff's claim for monetary damages should be dismissed as frivolous.

### 3. APPLICATION OF LEGAL STANDARD

The defendants have provided a portion of the trial transcript which demonstrates facts supporting the prosecution were presented to an intermediary, the trial court, and were found sufficient to support the validity of the warrant. Furthermore, plaintiff was convicted based upon the facts presented to the jury. Plaintiff has failed to state a claim upon which relief can be granted with regards to malicious prosecution on the part of the defendants.

### B. Illegal Search and Seizure

### 1. SEARCH AND WARRANT

▮ Plaintiff asserts officers conducted an illegal search based upon an invalid warrant. This claim was presented in his criminal trial, and Judge Fisher found the search was not illegal and the warrant was valid.

▮ In federal courts, the doctrine of collateral estoppel precludes re-litigation of issues actually litigated in an initial suit, whether or not the second suit is based on the same cause of action. *Johnson v. United States,* 576 F.2d 606, 611 (5th Cir.1978). Collateral estoppel prevents a plaintiff from re-litigating issues which he has previously lost in other suits.

▮ Prior to the application of collateral estoppel, three prerequisites must be met. These are; 1) that the issue at stake be identical to the one involved in the prior litigation, 2) that the issue has been actually litigated in the prior litigation, and 3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in the earlier action. *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir.1981). Furthermore, prior proceedings based on a separate basis of recovery or criminal proceedings may be the basis for applying collateral estoppel to allegations contained in a civil rights action pursuant to 42 U.S.C. § 1983. *Allen v. McCurry,* 449 U.S. 90, 94–95, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980).

Plaintiff is collaterally estopped from bringing a claim based upon the search or the warrant.

### 2. SEIZURE

Plaintiff's second claim concerning his arrest is not specifically addressed by defendants in the motion to dismiss. Plaintiff alleges he was hit in the face with a service revolver and received a "severe bruise." Plaintiff's arm was twisted behind his back and he was thrown to the floor by Officer Breashers. Plaintiff asserts an excessive force claim within the meaning of an illegal seizure in violation of the Fourth Amendment.

■ The defendants do assert they are entitled to qualified immunity. In addressing an excessive use of force claim brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed upon by the challenged application of force. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Excessive force allegations by a person who is being placed under arrest is judged by the "objective reasonableness" standard of the Fourth Amendment. *Graham,* 490 U.S. at 397, 109 S.Ct. at 1872. That is, the question is whether the defendant's actions were "objectively reasonable" in light of the facts and circumstances confronting them, without regard to underlying intent. *Id.*

■ Plaintiff alleges a cognizable excessive force claim under the Fourth Amendment. Officer Breashers asserts he is entitled to qualified immunity from this claim. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Supreme Court has explained that "the contours of the right" allegedly violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Moreover, the "relevant inquiry focuses on whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions." *Poe v. Haydon,* 853 F.2d 418, 423–24 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989).

■ Qualified immunity protects a police officer from liability if a reasonable competent law enforcement officer would not have known that his actions violated clearly established law. *Anderson v. Creighton,* 483 U.S. at 639, 107 S.Ct. at 3038. The objective reasonableness of the officer's conduct is measured with reference to the law as it existed at the time of the conduct in question. *King v. Chide,* 974 F.2d 653, 657 (5th Cir.

1992). At the time of the alleged incident, the right to be free from unreasonable force that was clearly excessive to the need during an arrest was clearly established. *See Graham, supra.* The alleged incident occurred in 1991. In 1991, the controlling circuit required an allegation of excessive force under the Fourth Amendment to contain a claim of significant injury. *See Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989); *Shillingford v. Holmes,* 634 F.2d 263 (5th Cir.1981).

■ Plaintiff alleges he was hit in the face with a service revolver without provocation. Plaintiff alleges he received a severe bruise as a result of the blow. The allegation of severe bruising is sufficient to assert significant injury under *Morel. See Hay v. Irving,* 893 F.2d 796, 798 (5th Cir.1990). Plaintiff's allegations assert a Fourth Amendment excessive force claim. Officer Breashers is not entitled to qualified immunity in regards to the excessive force claim.

### Conclusion

Defendants' motion to dismiss with regards to Officer Longois, Captain Helms and Officer MacDonald will be granted.

Officer Breashears' motion to dismiss with regards to an illegal seizure (excessive force) will be denied.

### PARTIAL FINAL JUDGMENT

This action came on before the Court, Honorable Earl S. Hines, Magistrate Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that plaintiff's claims against W.K. Longois, Captain Marvin Helms and Donald MacDonald are **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(d). It is further

**ORDERED** that defendant K.C. Breashers' motion to dismiss, with regards to an excessive force claim is **DENIED.**