Douglas L. EDMAN, Plaintiff—Appellant,

v.

EXXON MOBIL CORPORATION, a corporation residing in Montana; Conoco, a corporation residing in Montana; Aramco, an alien entity which has corporate subsidiary/affiliate entities in the United States; Marathon Oil Company, a corporation residing in Montana; Phillips Petroleum Company, a corporation residing in Montana; Burlington Resources Oil & Gas Company, a corporation residing in Montana, Defendants—Appellees,

and

Texaco, Inc., a corporation residing in Montana; Chevron Resources, Inc., a corporation residing in Montana, Defendants.

No. 03–35299.
D.C. No. CV–01–00196–RFC.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2004.*

Decided Oct. 13, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Elizabeth J. Honaker, Honaker Law Firm, Billings, MT, for Plaintiff–Appellant.

Jeanne M. Bender, Holland & Hart, LLP, Billings, MT, for Defendant–Appellee/Defendant.

David A. Veeder, Veeder Law Firm, P.C., Billings, MT, for Defendant–Appellee.

Before D.W. NELSON, THOMAS, Circuit Judges, and EZRA, District Judge.**

### MEMORANDUM ***

Douglas Edman appeals the district court's dismissal of his action alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, by Exxon/Mobil Corp. and seven other defendant oil companies that failed to hire him as an engineer. The district court properly dismissed Edman's claims against each of these defendants and we affirm.

■ The district court did not abuse its discretion when it dismissed seven of the eight defendants that Edman alleges discriminated against him in violation of the ADEA. As the district court properly found, Edman's complaint does not satisfy the permissive joinder language of Federal Rule of Civil Procedure 20, since Edman's claim against each defendant is separate and distinct from his claims against the other defendants. Edman does not allege that the defendants adopted a uniform hiring policy or acted in concert with each other in their hiring decisions. Rather, as understood from the complaint, the defendants are eight separate entities, each with distinct hiring practices, who independently denied Edman employment. Therefore, the district court properly severed Edman's claims against each defendant and dismissed seven of the eight defendants named in the complaint.

■ The district court also properly dismissed the remaining claim against defendant Exxon/Mobil, since this claim was barred by the ADEA's statute of limitations. The ADEA provides that a civil action may be brought "within 90 days after the date of the receipt" of a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(e). The district court found—and the parties do not dispute— that Edman filed his complaint on December 11, 2001, 97 days after the EEOC's right-to-sue letter, sent by certified mail, arrived at Edman's post office box on September 2, 2001. However, Edman argues that the 90–day period under 29 U.S.C. § 626(e) did not begin to toll until he personally retrieved the right-to-sue letter on September 14, 2001, after he returned from vacation and checked his mail.

---

** The Honorable David A. Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Edman's interpretation of when a right-to-sue letter is "received" is foreclosed by our decision in *Nelmida v. Shelly Eurocars*, 112 F.3d 380 (9th Cir.1997). In *Nelmida*, we specifically held that "the ninety-day period within which to file suit began running when delivery of the right-to-sue notice was attempted at the address of record with the EEOC...." *Id.* at 383–84. Under *Nelmida*, the arrival of the right-to-sue letter at the address of record triggers the tolling period; receipt by the claimant personally is not required. The district court appropriately relied on *Nelmida* to dismiss Edman's complaint.[1]

**AFFIRMED.**

[1.] The district court also dismissed Edman's action on the ground that he failed to allege a prima facie claim of discrimination in his complaint. The court clearly erred in doing so under *Swierkiewicz v. Sorema*, 534 U.S. 506, 510–511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (discrimination claimant need not allege a prima facie claim of discrimination to survive a Rule 12(b)(6) motion to dismiss). However, the district court also held, in the alternative, that dismissal was appropriate since the claim was time-barred. We may affirm its dismissal " 'on any ground supported by the record, provided the parties have had the opportunity to discuss it in their briefs.' " *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir.1992) (quoting *Paskaly v. Seale*, 506 F.2d 1209, 1211 n. 4 (9th Cir.1974)). Since parties extensively discuss the timeliness issue in their briefs before the district court and again on appeal, we affirm on this alternative ground.

